CV 19-3394

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN - 7 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CINDY GATTO; OLIVIA WILLIAMS; NICOLE TRAVIS; and, SHAY BOYD, on behalf of themselves and similarly situated employees,

*Plaintiffs*,

v.

PETCO ANIMAL SUPPLIES, INC.,

*Defendant.*

Civil Action No. _______

INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT

Jury Trial Demanded

Electronically Filed

ROSS, J.

LEVY, M.J.

**INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT**
**Nature of the Action, Jurisdiction, and Venue**

1. This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), the New York Labor Law, and the common law.

2. Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3. The actions and policies alleged to be unlawful were committed in whole or in part around Queens, NY, elsewhere in New York and in other states where Plaintiffs and the class worked for Defendant. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Eastern District of New York.

**Parties**

4. **Plaintiff Cindy Gatto** resides in Queens, NY. Plaintiff Gatto worked for Defendant

Petco Animal Supplies, Inc., as a groomer from in or about February 2018 until in or about November 2019 at Defendant's Queens, NY, store.

5. **Plaintiff Olivia Williams** resides in Orlando, FL. Plaintiff Williams worked for Defendant Petco Animal Supplies, Inc., as a groomer from in or about July 2015 until in or about January 2018 at Defendant's Titusville, FL, store.

6. **Plaintiff Nicole Travis** resides in Athol, ID. Plaintiff Travis worked for Defendant Petco Animal Supplies, Inc., as a groomer from in or about November 2017 until in or about July 2018 at Defendant's Coeur d'Alene, ID, store.

7. **Plaintiff Shay Boyd** resides in Quincy, IL. Plaintiff Boyd worked for Defendant Petco Animal Supplies, Inc., as a groomer from in or about 2014 until in or about July 2017 at Defendant's Quincy, IL, store.

8. **Defendant Petco Animal Supplies, Inc.,** an American privately held pet retailer with stores throughout the United States, maintains its corporate headquarters in San Diego, CA, owns and operates over 1,000 stores in the states of New York, Florida, Illinois, Idaho and other states. Petco sells pet products and services (grooming, adoption, training), as well as certain types of live animals.

9. At all relevant times Defendant has been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000 and has employees engaged in interstate commerce and the production of goods in interstate commerce and has been subject to the provisions of Section 203(s)(1) of the FLSA.

10. Defendant employs in excess of 10,000 full-time employees.

11. Defendant has annual revenues in excess of $1 billion.

12. Defendant has regularly employed individuals in the state of New York, including one or

more of the named Plaintiffs, in the performance of work on behalf of Defendant and is, therefore, subject to the provisions of the New York Labor Law and to wage laws of the states where the other named Plaintiffs worked and where similarly situated employees worked.

**Statement of Claims**

13. Plaintiffs were groomers.

14. Plaintiffs worked in the grooming salons at Defendant's Queens, NY, Titusville, FL, Coeur d'Alene, ID, and Quincy, IL, stores.

15. There have been over 30 other groomers at the Queens, NY, store over the past 6 years.

16. There have been over 300 groomers at the other Petco stores in New York over the past 6 years.

17. There have been thousands of other groomers, performing the same primary duties as Plaintiffs, working at the over 1,000 other Petco stores since June 2016.

18. The thousands of other groomers, like Plaintiffs, have performed these same primary duties in the grooming salons at the Petco stores nationwide.

19. The thousands of other groomers, like Plaintiffs, have reported up through the same common chain of command to corporate headquarters.

20. Plaintiffs were W-2 employees.

21. Plaintiffs were employees within the meaning of the FLSA and the New York Labor Law.

22. Plaintiffs' primary duty was to perform as a groomer.

23. Plaintiffs typically were scheduled to work 5 shifts each week.

24. Each shift was normally 8 ½ hours.

25. Plaintiffs were paid an hourly wage (about $11.00 to $14.00 per hour), plus commissions once they exceeded a certain level of services (e.g., $900) per week.

26. Plaintiffs were non-exempt within the meaning of the FLSA and the New York Labor Law.

27. Plaintiffs regularly worked more than 40 hours in workweeks.

28. Plaintiffs were entitled to payment of their promised straight time wages in all workweeks, non-overtime workweeks as well as overtime workweeks.

29. Plaintiffs were entitled to payment of overtime at one-and-one-half times their regular rate of pay for the hours worked in excess of forty hours in workweeks.

30. Plaintiffs clocked in and clocked out each day by entering into a computerized time-keeping system when they started to work at the beginning of the day, when – if at all - they took a lunch break, and when they stopped working at the end of the day.

31. Upon information and belief the computerized time-keeping system used by Plaintiffs was and is common to the other groomers at the other Petco stores and was and is managed/maintained centrally by Defendant.

32. Defendant, a sophisticated employer with knowledge of its obligations under the FLSA and the New York Labor Law, has understood it is required to maintain accurate records of time worked by Plaintiffs and the other groomers.

33. Upon information and belief notwithstanding this knowledge Defendant has knowingly and intentionally falsified the time records of Plaintiffs and the other groomers.

34. Upon information and belief, as a matter of policy, custom and practice Defendant has altered (overridden) the time records of Plaintiffs and the other groomers.

35. Upon information and belief, Defendant alters (overrides) the time records by adding a lunch break to the daily time records.

36. This common policy of altering (overriding) the time records has been done regardless of whether the Plaintiffs and other groomers take a lunch break or recorded a lunch break in the time records.

37. This common policy of altering (overriding) the time records regarding lunch breaks by Defendant has and had the direct effect of reducing the recorded work time and, in turn, the straight time and overtime pay otherwise due for that work time.

38. Upon information and belief Defendant also alters (overrides) the time records in order to reduce the compensable work time for times other than the lunch breaks.

39. Defendant alters (overrides) the time records for times other than the lunch breaks for the same reason it alters (overrides) the time records for lunch breaks: reduce the compensable work time and reduce or avoid the payment of overtime.

40. This common policy of altering (overriding) the time records has been the policy, custom and practice in the Queens, NY, store and in the other stores where Plaintiffs worked, including but not limited to, Titusville, FL, Coeur d'Alene, ID, and Quincy, IL.

41. Upon information and belief this common policy of altering (overriding) the time records has been the same policy, custom and practice established centrally by Defendant and applied by Defendant in the other 1,000+ stores to the thousands of other groomers.

42. Upon information and belief this common policy of altering (overriding) the time records and, in turn, paying less than the required overtime pay is part of a common corporate policy established and enforced centrally by Petco of trying to limit the paid work hours of the groomers to 40 hours and otherwise reduce the number of overtime hours paid to its groomers.

43. Plaintiffs complained about these practices (falsifying time records, failing to pay for all hours worked) for themselves and the other groomers, but management made no changes in response to these complaints.

44. Defendant's corporate policies and practices of failing to maintain accurate records of time worked by Plaintiffs and the other groomers, falsifying Plaintiffs' and the other groomers' time records, and failing to pay straight time and overtime wages due are a violation of the FLSA and the New York Labor Law and the common law.

45. Defendant has knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that it maintain accurate records of time worked, and at 29 U.S.C. §207(a) that it pay for overtime worked.

46. Defendant has knowingly violated the New York Labor Law by failing to pay Plaintiff Gatto and the other groomers employed in New York over the past six (6) years for the straight time and overtime due and for failing to maintain accurate records of time worked.

47. Defendant has also violated the common law of contract by failing to pay the promised wages due to Plaintiffs and the other groomers.

48. Specifically, Defendant made clear and definite promises to Plaintiffs and the other groomers that they would be paid a certain hourly amount for each hour, or increment of an hour, worked.

49. Plaintiffs and the other groomers acted on this promise expecting to be paid for hours worked at the promised hourly amount.

50. The promise by Defendant, and the actions of Plaintiffs and the other groomers in accepting this promise by performing the work, created an enforceable contractual duty by Petco to pay the promised hourly amount.

51. Defendant has no good-faith basis on which to withhold the promised wages.

52. As a result of Defendant's breaches, Plaintiffs and the other groomers have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid

wages.

53. Defendant's violations of the FLSA and the New York Labor Law and the common law have been knowing, willful and in reckless disregard of the law.

## Collective/Class Action Averments

54. There have been thousands of groomers who have been employed by Defendant since June 2016 (three years prior to the filing of this Complaint) in the other 1,000+ stores in the United States.

55. There have been at least 300 other groomers who have been employed since June 2013 (six years prior to the filing of this Complaint) in the Petco stores in New York.

56. The other groomers have performed the same primary duties (grooming) as Plaintiffs.

57. The other groomers, like Plaintiffs, have performed these duties in the grooming salons at Petco's stores.

58. The other groomers, like Plaintiffs, have reported up through a common chain of command to corporate headquarters.

59. The other groomers have been W-2 employees.

60. The other groomers are, like Plaintiffs, paid an hourly wage (typically $12 to $15 per hour), plus commissions after a certain level of services each week (e.g., $900 per week).

61. The other groomers have been employees within the meaning of the FLSA and the New York Labor Law.

62. The other groomers are non-exempt within the meaning of the FLSA and the New York Labor Law.

63. Like Plaintiffs, the other groomers have regularly worked more than 40 hours in workweeks.

64. Upon information and belief the other groomers, like Plaintiffs, have used the same common corporate time-keeping system for recording their hours worked.

65. As with Plaintiffs, Defendant has knowingly and intentionally falsified the time records of the other groomers.

66. Upon information and belief, as with Plaintiffs, as a matter of centrally established policy, custom and practice Defendant has altered (overridden) the time records of the other groomers.

67. Upon information and belief, as with Plaintiffs, Defendant alters (overrides) the time records of the other groomers by adding a lunch break to the daily time records.

68. As with Plaintiffs, this common policy of altering (overriding) the time records has been done regardless of whether the other groomers take a lunch break or record a lunch break in the time records.

69. Upon information and belief, as with Plaintiffs, Defendant also alters (overrides) the time records in order to reduce the compensable work time for times other than the lunch breaks.

70. As with Plaintiffs, Defendant alters (overrides) the time records for times other than the lunch breaks for the same reason it alters (overrides) the time records for lunch breaks: reduce the compensable work time and reduce or avoid the payment of overtime

71. As with Plaintiffs, this common policy of altering (overriding) the time records by Defendant has and had the direct effect of reducing the recorded work time of the other groomers and, in turn, the straight time and overtime pay otherwise due for that work time.

72. This policy of altering (overriding) the time records has been the policy, custom and practice in the Queens, NY, store and in the other stores where Plaintiffs worked, including but not limited to, Titusville, FL, Coeur d'Alene, ID, and Quincy, IL.

73. Upon information and belief this policy of altering (overriding) the time records has been the same policy, custom and practice established centrally by Defendant and applied by Defendant in the other 1,000+ stores to the thousands of other groomers.

74. Upon information and belief this policy of altering (overriding) the time records and, in turn, paying less than the required overtime pay is part of a common corporate policy established and enforced centrally by Petco of trying to limit the paid work hours of the groomers to 40 hours.

75. As with Plaintiffs, Defendant fails as a matter of corporate policy to maintain accurate records of time worked for the other groomers.

76. As with Plaintiffs, Defendant has a policy of falsifying time records (altering/overriding time from the records submitted by the groomers) in order to avoid paying overtime and straight time wages.

77. The groomers employed by Defendant in the other stores nationwide over the past three years have performed the same primary duties as Plaintiffs in common work environments for a common corporate chain of command (see Pars. 17-19, above), have worked overtime (see Par. 27), and have been subject to the same common pay, shift/schedule and time-keeping policies as Plaintiffs (see Pars. 20, 23-27, 30-31, 36-42, above.)

78. By virtue of performing the same primary duties as Plaintiffs in common work environments for a common corporate chain of command, regularly working overtime hours and being subject to the same common pay, shift/schedule and time-keeping policies the other groomers are "similarly situated employees" within the meaning of the FLSA, the New York Labor Law and the common law.

79. As with Plaintiffs, Defendant has knowingly and intentionally failed to pay the groomers in the other stores for their overtime hours either at the straight rate or proper overtime rate.

80. The other groomers, like Plaintiffs, have been non-exempt within the meaning of the FLSA.

81. The other groomers employed in New York, like Plaintiff Gatto, have been non-exempt within the meaning of the New York Labor Law.

82. Defendant's failure to pay overtime due to the other groomers over the past three years (six years in New York), its failure to pay straight time due to the other groomers either in non-overtime workweeks or in overtime workweeks, and its failure to maintain accurate records of time worked by the other groomers has been in violation of the FLSA and the New York Labor Law.

83. As with Plaintiffs, Defendant has also, as a matter of common policy, breached its contractual duty to pay the other groomers their promised straight wages.

84. Defendant has knowingly and intentionally violated the FLSA, the New York Labor Law and the common law in failing to pay straight wages and overtime wages, and failing to maintain accurate time records.

**COUNT I: VIOLATION OF THE FLSA: OVERTIME (NATIONWIDE)**
**Individual and Collective Action**

85. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

86. Plaintiffs and similarly situated groomers are employees of Defendant within the meaning of the FLSA.

87. Defendant is an employer within the meaning of the FLSA.

88. Plaintiffs and similarly situated groomers have been paid an hourly rate.

89. Plaintiffs and similarly situated groomers have been non-exempt within the meaning of the FLSA.

90. Plaintiffs and similarly situated groomers have regularly worked more than forty hours per week (overtime work).

91. As a matter of common central policy Defendant has not paid overtime compensation to Plaintiffs and similarly situated groomers for all hours of overtime.

92. As a matter of common central policy Defendant has not paid overtime compensation to Plaintiffs and similarly situated groomers at the proper overtime rate.

93. As a matter of common central policy Defendant has failed to pay all straight time wages in overtime weeks to Plaintiffs and similarly situated groomers.

94. As a matter of common central policy Defendant has also failed to maintain accurate records of time worked for Plaintiffs and similarly situated groomers.

95. Defendant's failure to pay overtime at the proper rate or all straight time wages in overtime weeks to the Plaintiffs and similarly situated groomers has violated and continues to violate the FLSA.

96. For at least the past three years, Defendant's violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime requirements.

97. Plaintiffs and similarly situated groomers are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

98. Plaintiffs and similarly situated groomers are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

**COUNT II: BREACH OF CONTRACT (NATIONWIDE)**
**Individual and Class Action**

99. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

100. Plaintiffs and similarly situated groomers were promised by Defendant to be paid an hourly rate of pay for work performed.

101. Plaintiffs and similarly situated groomers acted in reliance on the promise made by Defendant.

102. The promise by Defendant, and the actions by Plaintiffs and similarly situated groomers based upon these promises, created an enforceable contractual duty of Defendant to pay Plaintiffs and the similarly situated groomers at the promised hourly rate for work performed.

103. Despite these promises Defendant failed as a matter of common corporate policy to pay Plaintiffs and similarly situated groomers for work performed at the promised hourly rate.

104. Defendant's failure to pay the promised hourly rate to Plaintiffs and the similarly situated groomers constitutes a breach of its contractual duty to Plaintiffs and similarly situated groomers.

105. Defendant has no good faith basis for breaching its duty.

106. Plaintiffs and similarly situated groomers are entitled to the benefit of the bargain (unpaid wages), plus interest and compensatory damages consistent with the common law.

**COUNT III: VIOLATION OF THE NEW YORK LABOR LAW (OVERTIME)**
**Individual and Class Action**

107. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

108. Plaintiff Gatto was employed by Defendant in the State of New York.

109. Over 300 similarly situated groomers have been employed by Defendant in the State of New York since June 2013.

110. Plaintiff Gatto and similarly situated groomers in New York have been non-exempt within the meaning of the New York Labor Law.

111. Defendant has applied the same common corporate policies regarding pay and time-keeping to the groomers in New York as Defendant applies to the groomers nationwide.

112. These common corporate policies have resulted and continue to result in the failure by Defendant to pay Plaintiff Gatto and the other similarly situated groomers in New York the required straight time or overtime pay required under the New York Labor Law.

113. The failure to pay the required straight time and overtime to Plaintiff Gatto and the similarly situated groomers in New York constitutes a violation of the New York Labor Law.

114. Defendant's violations of the New York Labor Law have been knowing and intentional.

115. Plaintiff Gatto and the similarly situated groomers in New York are entitled to the straight time pay and overtime pay denied them, liquidated damages, interest, attorney's fees and costs.

**COUNT IV: VIOLATION OF ILLINOIS LABOR LAW (OVERTIME)**
**Individual Action**

116. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

117. Plaintiff Shay Boyd worked at a Petco store in the State of Illinois.

118. Illinois law requires the payment of overtime at time-and-one-half the regular rate of pay.

820 ILCS §105.

119. Illinois law provides a three-year statute of limitations for violations by an employer to pay the required overtime wages.

120. Plaintiff Shay Boyd, as the other Plaintiffs and the similarly situated groomers, was not paid the required overtime wages.

121. Defendant's failure to pay the required overtime wages to Plaintiff Shay Boyd was and is a violation of Illinois law.

122. Plaintiff Shay Boyd is entitled to unpaid overtime wages, liquidated damages (treble damages), interest, attorneys' fees and costs under 820 ILCS §105.

**COUNT V: VIOLATION OF ILLINOIS LABOR LAW (WAGE PAYMENT)**
**Individual Action**

123. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

124. Defendant's promise to pay an hourly wage for work performed by Plaintiff Boyd created a right under Illinois law for Plaintiff Boyd to seek not only payment of the wages owed under the common law of contract but also under the Illinois Wage Payment and Collection Law. 820 ILCS §115 et seq.

125. Defendant breached its duty to pay Plaintiff Boyd the promised wages.

126. As a result, Plaintiff Boyd is entitled to recover the promised wages, liquidated damages, penalties, attorney's fees and costs. 820 ILCS §115 et seq.

**PRAYER FOR RELIEF**

127. WHEREFORE, Plaintiffs and similarly situated groomers respectfully request that this Court:

A. Order Defendant to pay the unpaid overtime compensation owed to Plaintiffs and

similarly situated groomers;

B. Order Defendant to pay liquidated damages to Plaintiffs and similarly situated groomers;

C. Order Defendant to pay Plaintiffs and similarly situated groomers for unpaid non-overtime (straight) wages;

D. Order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiffs and similarly situated groomers; and,

E. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

s/Joseph H. Chivers
Joseph H. Chivers, Esq.
PA ID No. 39184
The Employment Rights Group, LLC
First & Market Building
Suite 650
100 First Avenue
Pittsburgh, PA 15222
jchivers@employmentrightsgroup.com
Tel: (412) 227-0763
Fax: (412) 774-1994

*Counsel for Plaintiffs
and similarly situated employees*

Dated: June 3, 2019