UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CINDY GATTO; OLIVIA WILLIAMS; NICOLE TRAVIS; and SHAY BOYD, on behalf of themselves and similarly situated employees<br><br>Plaintiffs,<br><br>-against-<br><br>PETCO ANIMAL SUPPLIES, INC.,<br><br>Defendant. | Case No.  1:19-cv-03394-ARR-RML<br><br>ECF Case |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS AND COLLECTIVE ACTION COMPLAINT**

Defendant Petco Animal Supplies, Inc.[1] ("Petco" or "Defendant"), by and through its undersigned counsel, answers and sets forth its affirmative and additional defenses to the Class and Collective Action Complaint ("Complaint") filed by Plaintiffs Cindy Gatto, Olivia Williams, Nicole Travis, and Shay Boyd, on behalf of themselves and similarly situated employees. Defendant denies each and every allegation in Plaintiffs' Complaint that is not specifically admitted herein.

**Nature of the Action, Jurisdiction, and Venue**

1.  Admitted in part; denied in part. Defendant admits that Plaintiffs purport to bring this lawsuit to recover alleged damages for non-payment of wages (on an individual and collective/class basis). Defendant denies that it committed any unlawful or wrongful act, including any act that would violate the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C.

---

[1] The employing and operating entity is Petco Animal Supplies Stores, Inc. ("PASSI"). The named entity is the direct parent of PASSI.

§ 207(a) & § 216(b), the New York Labor Law, and/or the common law and denies that this case can be maintained as a collective and/or class action. Defendant denies the remaining averments contained in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over Plaintiffs' FLSA claims in this case pursuant to 28 U.S.C. § 1331 and over Plaintiffs' supplemental state law claims under 28 U.S.C. § 1367(a). Defendant denies that it committed any unlawful or wrongful act, including any act that would violate the FLSA, the New York Labor Code, and/or the common law and denies that this case can be maintained as a collective and/or class action. Except as expressly admitted, Defendant denies the remaining averments contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies that it committed any unlawful or wrongful act, including any act that would violate the FLSA, the New York Labor Code, and/or the common law and denies that this case can be maintained as a collective and/or class action. Defendant specifically denies that, with respect to the out-of-state plaintiffs and putative opt-in plaintiffs, any actions were committed in New York. Except as expressly admitted, Defendant denies the remaining averments contained in Paragraph 3 of the Complaint.

**Parties**

4. Admitted in part; denied in part. Defendant admits that Plaintiff Cindy Gatto worked for Defendant as a Pet Stylist from approximately February 2018 to November 2018 at Defendant's Forest Hills, New York store. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining assertions set forth in Paragraph 4 of the Complaint. On that basis, Defendant denies such averments.

5. Admitted in part; denied in part. Defendant admits that Plaintiff Olivia Williams worked for Defendant as a Pet Stylist-Apprentice and a Pet Stylist from approximately May 2013 to February 2018 at Defendant's Titusville, Florida store. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining assertions set forth in Paragraph 5 of the Complaint. On that basis, Defendant denies such averments.

6. Admitted in part; denied in part. Defendant admits that Plaintiff Nicole Travis worked for Defendant as a Pet Stylist from approximately October 2017 to July 2018 at Defendant's Couer D'Alene, Idaho store. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining assertions set forth in Paragraph 6 of the Complaint. On that basis, Defendant denies such averments.

7. Admitted in part; denied in part. Defendant admits that Plaintiff Shay Boyd worked for Defendant as a Grooming Salon-Apprentice and a Pet Stylist-Apprentice from approximately September 2016 to July 2017 at Defendant's Quincy, Illinois store. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining assertions set forth in Paragraph 7 of the Complaint. On that basis, Defendant denies such averments.

8. Admitted. The entity that employed Plaintiffs and operates the stores is Petco Animal Supplies Stores, Inc. ("PASSI"). The named entity is the direct parent of PASSI.

9. Admitted.

10. Admitted.

11. Admitted.

12. Defendant admits that it employs and has employed individuals in the state of New York, including Plaintiff Cindy Gatto, and has regularly employed other individuals in the

State of New York in the performance of work on behalf of Defendant. The remaining averments contained in Paragraph 12 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, such averments are denied.

## Statement of Claims

13. Defendant admits that Plaintiffs were employed as stated in Paragraphs 4-7, *supra*. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining assertions as set forth in Paragraph 13 of the Complaint. On that basis, Defendant denies such averments.

14. Denied.

15. Denied.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Admitted.

21. Paragraph 21 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, it is admitted that Plaintiffs were employees within the meaning of the FLSA and that Plaintiff Gatto was an employee within the meaning of the New York Labor Law; the remaining averments are denied.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

26. Paragraph 26 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits that during a portion of Plaintiffs' employment with Defendant, they were not "exempt" from the overtime provisions of the FLSA and that Plaintiff Gatto was not "exempt" from the overtime provisions of the New York Labor Law; the remaining averments are denied.

27. Denied.

28. Defendant denies that Plaintiffs were promised any amount of straight-time wages other than the minimum hourly wage as required by applicable law. The remaining allegations contained in Paragraph 28 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

29. Paragraph 29 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

30. Defendant admits that its employees use a computerized time-keeping system. Defendant is without sufficient knowledge or information to form a belief as to the truth of the Plaintiffs' remaining assertions as set forth in Paragraph 30 of the Complaint. On that basis, Defendant denies the averments contained therein.

31. Admitted.

32. Paragraph 32 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Paragraph 44 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the averments contained in Paragraph 44.

45. Paragraph 45 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the averments contained in Paragraph 45.

46. Paragraph 46 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the averments contained in Paragraph 46.

47. Paragraph 47 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the averments contained in Paragraph 47.

48. Denied.

49. Denied.

50. Paragraph 50 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the averments contained in Paragraph 50.

51. Denied.

52. Denied.

53. Denied.

### Collective/Class Action Averments

54. Admitted.

55. Admitted.

56. Denied.

57. Denied.

58. Denied.

59. Admitted.

60. Denied.

61. Defendant admits that the other groomers have been employees within the meaning of the FLSA and that the other groomers who worked in New York were employees within the meaning of the New York Labor Law; the remaining averments are denied.

62. Paragraph 62 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits that during a portion of their employment with Defendant, groomers were not "exempt" from the overtime provisions of the FLSA and that groomers who worked in New York were not "exempt" from the overtime provisions of the New York Labor Law; the remaining averments are denied.

63. Denied.

64. Admitted.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Paragraph 78 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the averments contained in Paragraph 78.

79. Defendant denies that it failed to pay overtime due to employees of Defendant. The remaining averments contained in Paragraph 79 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies such averments.

80. Paragraph 80 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the averments contained in Paragraph 80.

81. Paragraph 81 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the averments contained in Paragraph 81.

82. Denied.

83. Denied.

84. Paragraph 84 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the averments contained in Paragraph 84.

**<u>COUNT I: VIOLATION OF THE FLSA: OVERTIME (NAITONWIDE)</u>**
**<u>Individual and Collective Action</u>**

85. Defendant incorporates by reference its responses to Paragraphs 1-84 of the Complaint as if set forth herein.

86. Paragraph 86 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the averments contained in Paragraph 86.

87. Paragraph 87 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the averments contained in Paragraph 87.

88. Admitted in part; denied in part. Defendant admits that Plaintiffs and certain other Petco employees who work in its Grooming Salons were paid an hourly rate after October 23, 2016. Prior to October 23, 2016, Plaintiffs and certain other Petco employees who worked in its

Grooming Salons were compensated pursuant to 29 U.S.C. § 207(i). Defendant denies the allegation that other such employees who work or have worked in its Grooming Salons are "similarly situated" to Plaintiffs.

89. Paragraph 89 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the averments contained in Paragraph 89.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Defendant denies that it failed to pay overtime due to employees of Defendant. The remaining averments contained in Paragraph 95 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies such averments.

96. Denied.

97. Denied.

98. Denied.

## COUNT II: BREACH OF CONTRACT (NATIONWIDE)
### Individual and Class Action

99. Defendant incorporates by reference its responses to Paragraphs 1-98 of the Complaint as if set forth herein.

100. Denied.

101. Denied.

102. Defendant denies that Plaintiffs were promised any amount of straight-time wages other than the minimum hourly wage as required by applicable law. Defendant further denies that any other employees are similarly-situated to Plaintiffs. The remaining averments contained in Paragraph 102 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the remaining averments contained in Paragraph 102.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

### COUNT III: VIOLATION OF THE NEW YORK LABOR LAW (OVERTIME)
**Individual and Class Action**

107. Defendant incorporates by reference its responses to Paragraphs 1-106 of the Complaint as if set forth herein.

108. Admitted.

109. Defendant denies that any other employees are similarly-situated to Plaintiffs. Except as specifically denied, the remaining averments contained in Paragraph 109 of the Complaint are admitted.

110. Paragraph 110 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits the averments contained in Paragraph 110.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

## COUNT IV: VIOLATIONS OF ILLINOIS LABOR LAW (OVERTIME)
### Individual Action

116. Defendant incorporates by reference its responses to Paragraphs 1-115 of the Complaint as if set forth herein.

117. Admitted.

118. Paragraph 118 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits the averments contained in Paragraph 118.

119. Paragraph 119 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits the averments contained in Paragraph 119.

120. Denied.

121. Denied.

122. Denied.

## COUNT V: VIOLATION OF ILLINOIS LABOR LAW (WAGE PAYMENT)
### Individual Action

123. Defendant incorporates by reference its responses to Paragraphs 1-122 of the Complaint as if set forth herein.

124. Defendant denies that Plaintiff Shay Boyd was promised any amount of straight-time wages other than the minimum hourly wage as required by applicable law. The remaining averments contained in Paragraph 124 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the remaining averments contained in Paragraph 124.

125. Denied.

126. Denied.

## PRAYER FOR RELIEF

127. Defendant denies the allegations set forth in Paragraph 127 and specifically denies that Plaintiffs or any other allegedly similarly situated individual is entitled to the relief sought in Paragraph 127 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiffs' claims (and the claims of those on whose behalf they purport to bring claims) are barred in whole or in part by the applicable statute of limitations. Specifically, the statute of limitations under the FLSA is two years, unless the cause of action arose out of a willful violation (in which case the statute of limitations is three years). Plaintiffs' claims do not arise out of a willful violation, so the statute of limitations under the FLSA is two years. The statute of limitations for Plaintiff Cindy Gatto's New York Labor Code claims is six years, and the statute of limitations for Plaintiff Shay Boyd's Illinois claims is three years.

## SECOND DEFENSE

Plaintiffs' claims (and the claims of those on whose behalf they purport to bring claims) are barred, in whole or in part, to the extent that any activities that may have been performed were (a) not compensable "work" under the FLSA and/or the New York Labor Code and/or the Illinois Labor Law; (b) preliminary or postliminary to the individual's principal activities, or incidental to them; (c) not an integral and indispensable part of the individual's principal work activities; (d) performed without the actual or constructive knowledge of Defendant; and/or (e) *de minimis*.

### THIRD DEFENSE

To the extent any sum is found due and owing to any Plaintiff (or any of the others on whose behalf they purport to bring claims), Defendant is entitled to set-off against said sum to the extent of any overpayment of wages paid, and/or to the extent paid, tendered, waived, compromised, and/or released prior to any adjudication herein, including but not limited to any amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal.

### FOURTH DEFENSE

Plaintiffs' claims (and the claims of those on whose behalf they purport to bring claims) are barred, in whole or in part, to the extent that the individual was compensated in accordance with 29 U.S.C. § 207(i) and/or 34 Pa. Code §231.43(f).

### FIFTH DEFENSE

Plaintiffs' claims (and the claims of those on whose behalf they purport to bring claims) are barred, in whole or in part, by principles of accord and satisfaction, release and/or res judicata, to the extent that they were adjudicated, released and/or compromised individually and/or in connection with other litigation, including (a) *LePine v. Petco Animal Supplies Stores, Inc.*, Case No. 3:17-cv-05483-JBL (W.D. Wash.); (b) *Matthews v. Petco Animal Supplies Stores, Inc.*, Case No. BC539637 (Cal. Sup. Ct., Los Angeles County); (c) *Kucker v. Petco Animal Supplies Stores, Inc.*, Case No. 1:14-cv-09983-DCF (S.D.N.Y.); and (d) *Lanning v. Petco Animal Supplies, Inc.*, Case No. 2:18-cv-00247-AJS (W.D. Pa.).

### SIXTH DEFENSE

The Court lacks jurisdiction over the claims of out-of-state plaintiffs and putative opt-in plaintiffs because: (a) New York is not Defendant's principal place of business or its state of

incorporation; and (b) the conduct and injuries alleged to have occurred with respect to them did not occur in New York.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Complaint be dismissed with prejudice, as it fails to state a claim upon which relief may be granted; that judgment be entered in its favor and against Plaintiffs; and that the Court award such other relief as it deems appropriate.

Date: October 24, 2019

*/s/ Katelyn W. McCombs*
Stephen A. Fuchs
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
212.583.9600

Robert W. Pritchard
Katelyn W. McCombs
LITTLER MENDELSON, P.C.
625 Liberty Avenue
26th Floor
Pittsburgh, PA 15216
412.201.7600

Attorneys for Defendant
PETCO ANIMAL SUPPLIES STORES, INC.

15

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2019, a copy of the Defendant's Answer and Affirmative Defenses to Plaintiffs' Class and Collective Action Complaint was filed using the Eastern District of New York's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Joseph H. Chivers
jchivers@employmentrightsgroup.com
THE EMPLOYMENT RIGHTS GROUP
100 First Avenue, Suite 650
Pittsburgh, PA 15222

*Counsel for Plaintiffs*

/s/ Katelyn W. McCombs

4824-9218-3975.2 104286.1001