

Littler Mendelson, P.C.
625 Liberty Avenue
26th Floor
Pittsburgh, PA  15222

Robert W. Pritchard
412.201.7628 direct
412.201.7600 main
412.774.1957 fax
rpritchard@littler.com

April 7, 2020

**VIA ECF**

Hon. Eric Komitee
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                **Re:** *Gatto, et al. v. Petco Animal Supplies, Inc.*
                     Case No. 1:19-cv-03394-EK-RML

Dear Judge Komitee:

This firm is counsel to Defendant Petco Animal Supplies, Inc. ("Petco") in this case. Pursuant to the Court's Individual Practices and Rules, we write to request a pre-motion conference. Certain out-of-state Plaintiffs (and their out-of-state class action claims) should be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Counsel for Petco conferred with counsel for Plaintiffs, who indicated an intent to oppose Petco's motion.

**I.     RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiffs Cindy Gatto, Olivia Williams, Nicole Travis, and Shay Boyd filed their Individual and Class/Collective Action Complaint on June 7, 2019, alleging violations of the FLSA (on a collective action basis pursuant to 29 U.S.C. § 216(b)) and the New York Labor Law (on a class action basis pursuant to Rule 23 of the Federal Rules of Civil Procedure). (Dkt. 1.) On March 24, 2020, Plaintiffs filed an amended complaint, in which they added two Plaintiffs (Kellee Thompson and Maci Heginger) and Rule 23 class action claims alleging violations of the California Labor Code, the Illinois Wage Payment and Collection Law, the Idaho Wage Payment Act, and Montana Labor Law. (Dkt. 22, ¶¶ 1, 118-151, 156-166.)

Petco (which is incorporated in Delaware) maintains its corporate headquarters in San Diego, California. (Dkt. 22, ¶ 10.) Petco employed Plaintiff Cindy Gatto in New York, where she resides. (Dkt. 22, ¶ 4.) All of the other Plaintiffs worked for Petco (and reside) in states other than New York: Olivia Williams (Florida); Nicole Travis (Idaho); Shay Boyd (Illinois); Kellee Thompson (Montana and California); and Maci Heginger (California). (Dkt. 22, ¶¶ 5-9). These Plaintiffs shall be referred to herein as the "out-of-state Plaintiffs." The Court lacks jurisdiction over the claims of the out-of-state Plaintiffs because: (a) New York is not Petco's principal place of business or its state of incorporation; and (b) the conduct and injuries alleged to have occurred with respect to them did not occur in New York.

Hon. Eric Komitee
April 7, 2020
Page 2

## II.   DISCUSSION

Here, the out-of-state Plaintiffs have not made a *prima facie* showing that this Court has personal jurisdiction over Petco based on its alleged actions outside New York. Absent this *prima facie* showing, this Court cannot exercise jurisdiction over the non-New York state law claims or the FLSA claims of the out-of-state Plaintiffs.

Petco does not engage in any activity that would render it "at home" for all purposes in New York. See *Bristol-Myers Squibb Co. v. Sup. Ct. of Calif.*, 137 S. Ct. 1773, 1780 (2017) ("Only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State.") (quotation omitted). Plaintiffs do not appear to allege this Court may exercise general jurisdiction over Petco, and have not plead any facts to support a finding of general jurisdiction.

Further, the Court has no specific jurisdiction over the out-of-state Plaintiffs and their individual state law claims. *Bristol-Myers*, 137 S. Ct. at 1780; *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). Here, Petco had no reason to expect that its employees outside New York would seek to enforce other states' employment laws against it in New York. Further, the out-of-state Plaintiffs do not allege any action by Petco in New York that supports their state law claims for relief. Simply by joining with Gatto, a New York plaintiff pleading New York state law claims, the out-of-state Plaintiffs do not avoid the preclusive effect of *Bristol-Myers* on their state law claims. See *Bristol-Myers*, 137 S. Ct. at 1781 ("The mere fact that *other* plaintiffs [allege wrongdoing occurring] in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims.").

The Court lacks specific jurisdiction over the out-of-state Plaintiffs and their out-of-state class action claims. The *Bristol-Myers* analysis applies equally to class actions. *See, e.g.*, *Chen v. Dunkin' Brands, Inc.*, No. 17-CV-3808 (CBA) (RER), 2018 WL 9346682, at *5 (E.D.N.Y. Sept. 17, 2018) (holding "each named plaintiff in a purported class action must show that instate contracts specific to their claim give rise to specific jurisdiction over an out-of-state defendant"); *Spratley v. FCA US LLC*, No. 317-CV-0062 (MAD) (DEP), 2017 WL 4023348, at *7 (N.D.N.Y. Sept. 12, 2017) (applying *Bristol-Myers* and dismissing the out-of-state plaintiffs' claims for lack of specific jurisdiction, because they showed no connection between their class claims and the defendant's contacts with the forum state).[1] In *In re Dental Supplies*, the Eastern District of New York observed the "constitutional requirements of due process do[] not wax and wane when the complaint is individual or on behalf of a class." 2017 WL 4217115, at *9. Accordingly, this Court does not have specific jurisdiction over Petco to decide the non-New York state law class claims of the out-of-state Plaintiffs.

---

[1] District Courts outside New York agree *Bristol-Myers* applies to limit specific jurisdiction over class claims. *See, e.g., Molock v. Whole Foods Market Inc.*, 297 F. Supp. 3d 114, 124–26 (D.D.C. 2018); *Greene v. Mizuho Bank, Ltd.*, 289 F. Supp.3d 870, 873–75 (N.D. Ill. 2017).

Hon. Eric Komitee
April 7, 2020
Page 3

For the same reason, this Court lacks jurisdiction over the FLSA claims of the out-of-state Plaintiffs since they arose outside New York. See *Pettenato v. Beacon Health Options, Inc.*, No. 19-cv-1646 (JPO) (BCM), 2019 WL 5587335, at *1 (S.D.N.Y. Oct. 25, 2019) (concluding, in light of *Bristol-Myers*, the court could not exercise specific personal jurisdiction over the FLSA claims of out-of-state plaintiffs against defendants not subject to general personal jurisdiction in New York).[2]

Petco respectfully requests that the Court schedule a pre-motion conference or, in the alternative, set a motion schedule. In the event the Court schedules a pre-motion conference, then my colleague Katelyn McCombs, an attorney with five years or less experience as a licensed attorney, will be representing Petco at the conference.

Respectfully submitted,

*/s/ Robert W. Pritchard*

Robert W. Pritchard

cc:   All counsel of record (via ECF)

---

[2] *Pettenato* is the only Second Circuit decision of which Petco is aware that directly addressed whether *Bristol-Myers* governs personal jurisdiction issues arising in FLSA cases. Petco is aware of two Eastern District of New York cases in which the court suggested that it might take a different approach, but in both cases the question of specific personal jurisdiction was not squarely before the court because the defendants previously waived the defense. See *Mason v. Lumber Liquidators, Inc.*, 2019 WL 2088609, at *6 (E.D.N.Y. May 13, 2019) (Mann, M.J.), *aff'd*, 2019 WL 3940846 (E.D.N.Y. Aug. 19, 2019) (Brodie, J.); *Meo v. Lane Bryant, Inc.*, 2019 WL 5157024, at *12 (E.D.N.Y. Sept. 30, 2019).