UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- x
:
CINDY GATTO; KELLEE : Civil Action No. 1:19-cv-3394-EK-RML
THOMPSON; and MACI HEGINGER, :
on behalf of themselves and :
similarly situated employees, : SECOND AMENDED INDIVIDUAL
: AND COLLECTIVE/CLASS
Plaintiffs, : ACTION COMPLAINT
:
v. :
: Jury Trial Demanded
PETCO ANIMAL SUPPLIES, INC., :
: Electronically Filed
Defendant. :
------------------------------------------------------- X

## AMENDED INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT[1]
### Nature of the Action, Jurisdiction, and Venue

1. This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), the New York Labor Law, N.Y. Lab. Law § 195 et seq., the California Labor Code, Cal. Lab. Code § 226 et seq., and the common law.

2. Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3. The actions and policies alleged to be unlawful were committed in whole or in part around Queens, NY, elsewhere in New York and in other states where Plaintiffs and the class worked for Defendant. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Eastern District of New York.

### Parties

4. **Plaintiff Cindy Gatto** resides in Queens, NY. Plaintiff Gatto worked for Defendant Petco Animal Supplies, Inc., as a groomer from in or about February 2018 until in or about

---

[1] Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs secured the written consent of Defendant to file this amended complaint.

November 2019 at Defendant's Queens, NY, store.

5. **Plaintiff Kellee Thompson** resides in Bozeman, MT. Plaintiff Thompson worked for Defendant Petco Animal Supplies, Inc., as a groomer from in or about July 2014 and continuing into 2019 at Defendant's Antelope, CA, store and again from in or about January 2020 through the present at Defendant's Bozeman, MT, store.

6. **Plaintiff Maci Heginger** resides in Mountainburg, AR. Plaintiff Heginger worked for Defendant Petco Animal Supplies, Inc., as a groomer from in or about March 2017 and continuing into 2019 at Defendant's Antelope, CA, store.

7. **Defendant Petco Animal Supplies, Inc.,** an American privately held pet retailer with stores throughout the United States, maintains its corporate headquarters in San Diego, CA, owns and operates over 1,000 stores in the states of New York, Florida, Illinois, Idaho, Montana and other states. Petco sells pet products and services (grooming, adoption, training), as well as certain types of live animals.

8. At all relevant times Defendant has been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000 and has employees engaged in interstate commerce and the production of goods in interstate commerce and has been subject to the provisions of Section 203(s)(1) of the FLSA.

9. Defendant employs in excess of 10,000 full-time employees.

10. Defendant has annual revenues in excess of $1 billion.

11. Defendant has regularly employed individuals in the state of New York, including one or more of the named Plaintiffs, in the performance of work on behalf of Defendant and is, therefore, subject to the provisions of the New York Labor Law and to wage laws of the states where the other named Plaintiffs worked and where similarly situated employees worked.

## Statement of Claims

12. Plaintiffs were groomers.

13. Plaintiffs worked in the grooming salons at Defendant's Queens, NY, Antelope, CA, and

Bozeman, MT, stores.

14. There have been over 30 other groomers at the Queens, NY, store over the past 6 years.

15. There have been over 300 groomers at the other Petco stores in New York over the past 6 years.

16. There have been thousands of other groomers, performing the same primary duties as Plaintiffs, working at the approximately 350 other Petco stores in New York and California since June 2013.

17. The thousands of other groomers, like Plaintiffs, have performed these same primary duties in the grooming salons at the Petco stores in New York and California.

18. The thousands of other groomers, like Plaintiffs, have reported up through the same common chain of command to corporate headquarters.

19. Plaintiffs were W-2 employees.

20. Plaintiffs were employees within the meaning of the FLSA, the New York Labor Law, and the California Labor Code.

21. Plaintiffs' primary duty was to perform as a groomer.

22. Plaintiffs typically were scheduled to work 5 shifts each week.

23. Each shift was normally 8 ½ hours.

24. Plaintiffs were paid an hourly wage (about $11.00 to $14.00 per hour), plus commissions once they exceeded a certain level of services (e.g., $900) per week.

25. Plaintiffs were non-exempt within the meaning of the FLSA, New York Labor Law, and the California Labor Code.

26. Plaintiffs regularly worked more than 40 hours in workweeks.

27. Plaintiffs were entitled to payment of their promised straight time wages in all workweeks, non-overtime workweeks as well as overtime workweeks.

28. Plaintiffs were entitled to payment of overtime at one-and-one-half times their regular rate of pay for the hours worked in excess of forty hours in workweeks.

29. Plaintiffs clocked in and clocked out each day by entering into a computerized time-keeping system when they started to work at the beginning of the day, when – if at all - they took a lunch break, and when they stopped working at the end of the day.

30. Upon information and belief the computerized time-keeping system used by Plaintiffs was and is common to the other groomers at the other Petco stores and was and is managed/maintained centrally by Defendant.

31. Defendant, a sophisticated employer with knowledge of its obligations under the FLSA, California Labor Code, and New York Labor Law, understood it is required to maintain accurate records of time worked by Plaintiffs and the other groomers.

32. Upon information and belief notwithstanding this knowledge Defendant has knowingly and intentionally falsified the time records of Plaintiffs and the other groomers.

33. Upon information and belief, as a matter of policy, custom and practice Defendant has altered (overridden) the time records of Plaintiffs and the other groomers.

34. Upon information and belief, Defendant alters (overrides) the time records by adding a lunch break to the daily time records.

35. This common policy of altering (overriding) the time records has been done regardless of whether the Plaintiffs and other groomers take a lunch break or recorded a lunch break in the time records.

36. This common policy of altering (overriding) the time records regarding lunch breaks by Defendant has and had the direct effect of reducing the recorded work time and, in turn, the straight time and overtime pay otherwise due for that work time.

37. Upon information and belief Defendant also alters (overrides) the time records in order to reduce the compensable work time for times other than the lunch breaks.

38. Defendant alters (overrides) the time records for times other than the lunch breaks for the same reason it alters (overrides) the time records for lunch breaks: reduce the compensable work time and reduce or avoid the payment of overtime.

39. This common policy of altering (overriding) the time records has been the policy, custom

and practice in the Queens, NY, store and in the other stores where Plaintiffs worked, including but not limited to, Antelope, CA.

40. Upon information and belief this common policy of altering (overriding) the time records has been the same policy, custom and practice established centrally by Defendant and applied by Defendant in the approximately 350 stores in New York and California to the thousands of other groomers.

41. Upon information and belief this common policy of altering (overriding) the time records and, in turn, paying less than the required overtime pay is part of a common corporate policy established and enforced centrally by Petco of trying to limit the paid work hours of the groomers to 40 hours and otherwise reduce the number of overtime hours paid to its groomers.

42. Plaintiffs complained about these practices (falsifying time records, failing to pay for all hours worked) for themselves and the other groomers, but management made no changes in response to these complaints.

43. Defendant's corporate policies and practices of failing to maintain accurate records of time worked by Plaintiffs and the other groomers, falsifying Plaintiffs' and the other groomers' time records, and failing to pay straight time and overtime wages due are a violation of the FLSA, New York Labor Law, the California Labor Code, and the California Unfair Competition Law codified in Business and Professions Code § 17200, et seq. .

44. Defendant has knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. § 211(c) that it maintain accurate records of time worked, and at 29 U.S.C. § 207(a) that it pay for overtime worked.

45. Defendant has knowingly violated the New York Labor Law by failing to pay Plaintiff Gatto and the other groomers employed in New York over the past six (6) years for the straight time and overtime due and for failing to maintain accurate records of time worked.

46. Defendant has also violated the common law of contract by failing to pay the promised wages due to Plaintiffs and the other groomers.

47. Specifically, Defendant made clear and definite promises to Plaintiffs and the other

groomers that they would be paid a certain hourly amount for each hour, or increment of an hour, worked.

48. Plaintiffs and the other groomers acted on this promise expecting to be paid for hours worked at the promised hourly amount.

49. The promise by Defendant, and the actions of Plaintiffs and the other groomers in accepting this promise by performing the work, created an enforceable contractual duty by Petco to pay the promised hourly amount.

50. Defendant has no good-faith basis on which to withhold the promised wages.

51. As a result of Defendant's breaches, Plaintiffs and the other groomers have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

52. Defendant's violations of the FLSA, New York Labor Law, California Labor Code, and the California Unfair Competition Law codified in Business and Professions Code § 17200, et seq. have been knowing, willful and in reckless disregard of the FLSA, New York Labor Law, California Labor Code, and the comparable wage laws in other states.

## Collective/Class Action Averments

53. There have been thousands of groomers who have been employed by Defendant since June 2016 (three years prior to the filing of this Complaint) in the approximately 350 stores in New York and California.

54. There have been at least 300 other groomers who have been employed since June 2013 (six years prior to the filing of this Complaint) in the Petco stores in New York.

55. The other groomers have performed the same primary duties (grooming) as Plaintiffs.

56. The other groomers, like Plaintiffs, have performed these duties in the grooming salons at Petco's stores.

57. The other groomers, like Plaintiffs, have reported up through a common chain of command to corporate headquarters.

58. The other groomers have been W-2 employees.

59. The other groomers are, like Plaintiffs, paid an hourly wage (typically $12 to $15 per hour), plus commissions after a certain level of services each week (e.g., $900 per week).

60. The other groomers have been employees within the meaning of the FLSA, New York Labor Law, and the California Labor Code.

61. The other groomers are non-exempt within the meaning of the FLSA, New York Labor Law, and the California Labor Code.

62. Like Plaintiffs, the other groomers have regularly worked more than 40 hours in workweeks.

63. Upon information and belief the other groomers, like Plaintiffs, have used the same common corporate time-keeping system for recording their hours worked.

64. As with Plaintiffs, Defendant has knowingly and intentionally falsified the time records of the other groomers.

65. Upon information and belief, as with Plaintiffs, as a matter of centrally established policy, custom and practice Defendant has altered (overridden) the time records of the other groomers.

66. Upon information and belief, as with Plaintiffs, Defendant alters (overrides) the time records of the other groomers by adding a lunch break to the daily time records even if they were not provided a lunch break.

67. As with Plaintiffs, this common policy of altering (overriding) the time records has been done regardless of whether the other groomers take a lunch break or record a lunch break in the time records.

68. Upon information and belief, as with Plaintiffs, Defendant also alters (overrides) the time records in order to reduce the compensable work time for times other than the lunch breaks.

69. As with Plaintiffs, Defendant alters (overrides) the time records for times other than the lunch breaks for the same reason it alters (overrides) the time records for lunch breaks: reduce the compensable work time and reduce or avoid the payment of overtime.

70. As with Plaintiffs, this common policy of altering (overriding) the time records by

Defendant has and had the direct effect of reducing the recorded work time of the other groomers and, in turn, the straight time and overtime pay otherwise due for that work time.

71. This policy of altering (overriding) the time records has been the policy, custom and practice in the Queens, NY, store and in the other stores where Plaintiffs worked, including but not limited to, Antelope, CA.

72. Upon information and belief this policy of altering (overriding) the time records has been the same policy, custom and practice established centrally by Defendant and applied by Defendant in the approximately 350 stores in New York and California to the thousands of other groomers.

73. Upon information and belief this policy of altering (overriding) the time records and, in turn, paying less than the required overtime pay is part of a common corporate policy established and enforced centrally by Petco of trying to limit the paid work hours of the groomers to 40 hours.

74. As with Plaintiffs, Defendant fails as a matter of corporate policy to maintain accurate records of time worked for the other groomers.

75. As with Plaintiffs, Defendant has a policy of falsifying time records (altering/overriding time from the records submitted by the groomers) in order to avoid paying overtime and straight time wages.

76. The groomers employed by Defendant in the other stores in New York and California over the past six years in New York and four years in California have performed the same primary duties as Plaintiffs in common work environments for a common corporate chain of command, have worked overtime, and have been subject to the same common pay, shift/schedule and time-keeping policies as Plaintiffs.

77. By virtue of performing the same primary duties as Plaintiffs in common work environments for a common corporate chain of command, regularly working overtime hours and being subject to the same common pay, shift/schedule and time-keeping policies the other groomers are "similarly situated employees" within the meaning of the FLSA, the New York Labor Law and the California Labor Code.

78. As with Plaintiffs, Defendant has knowingly and intentionally failed to pay the groomers in the other stores for their overtime hours either at the straight rate or proper overtime rate.

79. The other groomers, like Plaintiffs, have been non-exempt within the meaning of the FLSA.

80. The other groomers, like Plaintiffs, have been non-exempt within the meaning of the New York Labor Law and the California Labor Code.

81. Defendant's failure to pay overtime due to the other groomers over the past six years in New York and four years in California, its failure to pay straight time due to the other groomers either in non-overtime workweeks or in overtime workweeks, its failure to provide meal breaks while adding meal breaks to the daily time records, and its failure to maintain accurate records of time worked by the other groomers has been in violation of the FLSA, the New York Labor Law, and the California Labor Code.

82. As with Plaintiffs, Defendant has also, as a matter of common policy, breached its contractual duty to pay the other groomers their promised straight wages.

83. Defendant has knowingly and intentionally violated the FLSA, the New York Labor Law, and the California Labor Code with respect to the failure to pay straight wages and overtime wages, failure to provide off-the-clock meal breaks, and failure to maintain and provide groomers with accurate records of hours worked.

### COUNT I:  VIOLATION OF THE FLSA: OVERTIME (NEW YORK AND CALIFORNIA)
### Individual and Collective Action

84. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

85. Plaintiffs and similarly situated groomers are employees of Defendant within the meaning of the FLSA.

86. Defendant is an employer within the meaning of the FLSA.

87. Plaintiffs and similarly situated groomers have been paid an hourly rate.

88. Plaintiffs and similarly situated groomers have been non-exempt within the meaning of the FLSA.

89. Plaintiffs and similarly situated groomers have regularly worked more than forty hours per week (overtime work).

90. As a matter of common central policy Defendant has not paid overtime compensation to Plaintiffs and similarly situated groomers for all hours of overtime.

91. As a matter of common central policy Defendant has not paid overtime compensation to Plaintiffs and similarly situated groomers at the proper overtime rate.

92. As a matter of common central policy Defendant has failed to pay all straight time wages in overtime weeks to Plaintiffs and similarly situated groomers.

93. As a matter of common central policy Defendant has also failed to maintain accurate records of time worked for Plaintiffs and similarly situated groomers.

94. Defendant's failure to pay overtime at the proper rate or all straight time wages in overtime weeks to the Plaintiffs and similarly situated groomers has violated and continues to violate the FLSA.

95. For at least the past three years, Defendant's violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime requirements.

96. Plaintiffs and similarly situated groomers are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

97. Plaintiffs and similarly situated groomers are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

**COUNT II:  BREACH OF CONTRACT (NEW YORK AND CALIFORNIA)**
**Individual and Class Action**

98. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

99. Plaintiffs and similarly situated groomers were promised by Defendant to be paid an hourly rate of pay for work performed.

100. Plaintiffs and similarly situated groomers acted in reliance on the promise made by Defendant.

101. The promise by Defendant, and the actions by Plaintiffs and similarly situated groomers

based upon these promises, created an enforceable contractual duty of Defendant to pay Plaintiffs and the similarly situated groomers at the promised hourly rate for work performed.

102. Despite these promises Defendant failed as a matter of common corporate policy to pay Plaintiffs and similarly situated groomers for work performed at the promised hourly rate.

103. Defendant's failure to pay the promised hourly rate to Plaintiffs and the similarly situated groomers constitutes a breach of its contractual duty to Plaintiffs and similarly situated groomers.

104. Defendant has no good faith basis for breaching its duty.

105. Plaintiffs and similarly situated groomers are entitled to the benefit of the bargain (unpaid wages), plus interest and compensatory damages consistent with the common law.

### COUNT III:  VIOLATION OF THE NEW YORK LABOR LAW (OVERTIME)
### Individual and Class Action

106. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

107. Plaintiff Gatto was employed by Defendant in the State of New York.

108. Over 300 similarly situated groomers have been employed by Defendant in the State of New York since June 2013.

109. Plaintiff Gatto and similarly situated groomers in New York have been non-exempt within the meaning of the New York Labor Law.

110. Defendant has applied the same common corporate policies regarding pay and time keeping to the groomers throughout New York.

111. These common corporate policies have resulted and continue to result in the failure by Defendant to pay Plaintiff Gatto and the other similarly situated groomers in New York the required straight time or overtime pay required under the New York Labor Law.

112. The failure to pay the required straight time and overtime to Plaintiff Gatto and the similarly situated groomers in New York constitutes a violation of the New York Labor Law.

113. Defendant's violations of the New York Labor Law have been knowing and intentional.

114. Plaintiff Gatto and the similarly situated groomers in New York are entitled to the straight time pay and overtime pay denied them, liquidated damages, interest, attorneys' fees and costs.

## COUNT IV:  VIOLATION OF CALIFORNIA LABOR CODE
### Individual and Class Action

115. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

116. Plaintiffs Kellee Thompson and Maci Heginger worked at a Petco store in the State of California.

117. California law requires that employees be compensated with payment of overtime at time and one-half the regular rate of pay for any work in excess of eight hours per day or in excess of forty hours in one week.  Cal. Lab. Code § 510.

118. California law requires that employees be compensated with payment of overtime at two times the regular rate of pay for any work in excess of twelve hours in a day or in excess of eight hours on any seventh day of a work week.  *Id.*

119. California law provides a three-year statute of limitations for violations by an employer to pay the required overtime wages.

120. Plaintiffs Thompson and Heginger, as the other Plaintiffs and the similarly situated groomers, were not paid the required overtime wages as they were not provided the required meal breaks and Petco nonetheless added meal breaks to their daily time records.

121. Defendant's failure to provide the meal breaks and pay the required overtime wages associated with such missed breaks to Plaintiffs Thompson and Heginger and those similarly situated was and is a violation of California law.

122. Plaintiffs Thompson and Heginger and those similarly situated are entitled to unpaid overtime wages, interest, attorneys' fees and costs.  Cal. Lab. Code § 1194 et seq.

## COUNT V:  VIOLATION OF CALIFORNIA LABOR LAW (WAGE PAYMENT)
### Individual and Class Action

123. Plaintiffs incorporate by reference the preceding paragraphs of this complaint.

124. Defendant's promise to pay an hourly wage for work performed by Plaintiffs Thompson and Heginger and those similarly situated groomers employed by Defendant in California created a right under California law for Plaintiffs Thompson and Heginger and the other similarly situated plaintiffs to seek not only payment of the wages owed under the common law of contract but also statutory damages and costs and reasonable attorneys' fees under the California Labor Code.  Cal. Lab. Code § 210 et seq.

125. Defendant breached its duty to pay Plaintiffs Thompson and Heginger and those similarly situated the promised wages.

126. As a result, Plaintiffs Thompson and Heginger and those similarly situated is entitled to recover the promised wages, penalties, attorneys' fees and costs.  Cal. Lab. Code § 210 et seq.

### COUNT VI:  VIOLATION OF THE NEW YORK WAGE THEFT PREVENTION ACT
### (INACCURATE PAYSTUBS)
### Individual and Class Action

127. Plaintiffs hereby incorporate by reference the preceding paragraphs of this complaint.

128. Defendant maintained a common policy of altering (overriding) the time records of Plaintiff Gatto and other similarly situated groomers who worked for Defendant in New York.

129. As a result of this common policy of altering (overriding) time records, Defendant violated the New York Wage Theft Prevention Act by providing paystubs to Plaintiff Gatto and the other similarly situated dog groomers it employed in New York that did not reflect the true number of hours each groomer worked in a given pay period.  N.Y. Lab. Law § 195 et seq.

130. Plaintiff Gatto and these other similarly situated groomers are each entitled to statutory damages along with costs and reasonable attorneys' fees.  N.Y. Lab. Law § 195 et seq.

### COUNT VII:  VIOLATION OF THE CALIFORNIA LABOR CODE
### (INACCURATE PAYSTUBS)
### Individual and Class Action

131. Plaintiffs hereby incorporate by reference the preceding paragraphs of this complaint.

132. Defendant maintained a common policy of altering (overriding) the time records of

        Plaintiffs Thompson and Heginger and other similarly situated groomers who worked for Defendant in California.

133.    As a result of this common policy of altering (overriding) time records, Defendant violated the California Labor Code by providing paystubs to Plaintiffs Thompson and Heginger and other similarly situated groomers that did not reflect the true number of hours each groomer worked in a given pay period. *See* Cal. Lab. Code § 226.

134.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights. Because Plaintiffs Thompson and Heginger and other similarly situated groomers' wage statements did not reflect the accurate total number of regular and overtime hours worked, Plaintiffs Thompson and Heginger and other similarly situated groomers were unable to determine the total amount of hours they worked, were unable to determine the total amount of compensation they were owed, and were unable to verify they were paid the proper amount. In order to determine how much Plaintiffs Thompson and Heginger and other similarly situated groomers should have been paid, they would have had to engage in discovery and mathematical computations in order to reconstruct the missing information.

135.    California Code of Civil Procedure California Code of Civil Procedure section 338(a) provides a three-year statute of limitations for an action upon a liability created by statute. Therefore, pursuant to California Labor Code section 226(e), Plaintiffs Thompson and Heginger is each entitled to seek actual damages caused by Defendants' failure to comply with California Labor Code section 226(a). Plaintiffs' claims for damages is timely because it is brought within the three-year statute of limitations.

136.    The other class members who were employed by Defendant during the applicable statute of limitations period for Labor Code section 226(e) penalties are each entitled to recover from Defendants the greater of their actual damages caused by Defendant's failure to comply with California Labor Code section 226(a) or an aggregate penalty not exceeding four thousand dollars per employee. Cal. Lab. Code § 226.

### COUNT IIX:  VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et seq. (UNFAIR BUSINESS PRACTICES)
### Individual and Class Action

137. Plaintiffs hereby incorporate by reference the preceding paragraphs of this complaint.

138. At all times relevant herein, Defendant was subject to the California Unfair Trade Practices Act, but failed to pay Plaintiffs Thompson and Heginger and other similarly situated groomers certain overtime pay as required by applicable state and federal laws.  Defendants kept the amount which should have been paid to Plaintiffs Thompson and Heginger and other similarly situated groomers for themselves.

139. In doing so, Defendants violated the California Unfair Trade Practices Act, Business and Professions Code § 17200 et seq., by committing acts prohibited by applicable California Labor Code provisions.

140. California law provides a four-year statute of limitations period where the failure to pay overtime constitutes an unlawful, unfair, or fraudulent business practice.  Cal. Bus. & Prof. Code § 17208.

141. Plaintiffs Thompson and Heginger and other similarly situated groomers, having been illegally deprived of the overtime pay to which they are legally entitled, seek restitution of such unpaid wages pursuant to the Business and Professions Code § 17203.

### PRAYER FOR RELIEF

142. WHEREFORE, Plaintiffs and similarly situated groomers respectfully request that this Court:

   A. Order Defendant to pay the unpaid overtime compensation owed to Plaintiffs and similarly situated groomers;

   B. Order Defendant to pay liquidated damages to Plaintiffs and similarly situated groomers;

   C. Order Defendant to pay statutory damages and penalties to Plaintiffs and similarly situated groomers;

D. Order Defendant to pay Plaintiffs and similarly situated groomers for unpaid non-overtime (straight) wages;

E. Order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiffs and similarly situated groomers; and

F. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

s/ Joseph H. Chivers
Joseph H. Chivers
  jchivers@employmentrightsgroup.com
**THE EMPLOYMENT RIGHTS GROUP LLC**
First & Market Building
100 First Avenue, Suite 650
Pittsburgh, PA  15222
Tel.:  (412) 227-0763
Fax:  (412) 774-1994

Jeffrey W. Chivers, Esq.
  jwc@chivers.com
Theodore I. Rostow, Esq.
  tir@chivers.com
**CHIVERS LLP**
300 Cadman Plaza West, 12th Floor
Brooklyn, New York  11201
Tel.: (718) 210-9825

*Counsel for Plaintiffs
and similarly situated employees*

Dated: August 31, 2020