**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

CINDY GATTO; KELLEE THOMPSON; and MACI HEGINGER on behalf of themselves and similarly situated employees,

Plaintiffs,

v.

PETCO ANIMAL SUPPLIES, INC.,

Defendant.

Case No. 1:19-cv-03394-EK-RML

# Memorandum of Law in Support of the Parties' Motion for Reconsideration of the Court's Order dated September 9, 2020

Jeffrey W. Chivers
jwc@chivers.com
Theodore I. Rostow
tir@chivers.com
Chivers LLP
300 Cadman Plaza West
12th Floor
Brooklyn, New York 11201
Tel.: (718) 210-9825

Joseph H. Chivers
jchivers@employmentrightsgroup.com
The Employment Rights Group LLC
First & Market Building
100 First Avenue, Suite 650
Pittsburgh, PA 15222
Tel.: (412) 227-0763

*Counsel for Plaintiffs and all others similarly situated*

Stephen A. Fuchs
sfuchs@littler.com
Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022
Tel: (215) 583-9600

Robert W. Pritchard
rpritchard@littler.com
Katelyn W. McCombs
kmccombs@littler.com
Littler Mendelson, P.C.
625 Liberty Avenue
26th Floor
Pittsburgh, PA 15222
Tel: (412) 201-7600

*Counsel for Defendant*

Date of Filing and Service: September 11, 2020

## Table of Contents

**I. Background** ........ **3**

**II. Legal Standard** ........ **7**

**III. Argument** ........ **8**

A. The Court should reconsider and vacate the Order because, before the entry of an injunctive order backed by warning of sanctions, the Parties should be given an opportunity to submit facts and law concerning the effectiveness of the stipulations of dismissal without prejudice. ......... 8

B. The Court should reconsider and vacate the Order, and refer consideration of all settlement issues to Magistrate Judge Levy in the first instance, because the stipulations of dismissal filed by Plaintiffs Boyd, Travis, and Williams are without prejudice........ 9

**IV. Conclusion** ........ **13**

**Table of Authorities**

***Cases***

*Anglo Am. Ins. Grp. v. CalFed Inc.*, 940 F. Supp. 554 (S.D.N.Y. 1996) .................... 8

*Carson v. Team Brown Consulting, Inc.*, 416 F. Supp. 3d 137 (E.D.N.Y. 2017) .................... 10

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) .................... *passim*

*Cianci v. Bright Horizons Children's Centers LLC*, No. 7:19-cv-1008-KMK (S.D.N.Y. Dec. 2, 2019), ECF No. 38 .................... 2, 6, 12, 13

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) .................... 12

*Gallardo v. PS Chicken Inc.*, 285 F. Supp. 3d 549 (E.D.N.Y. 2018) .................... 2, 10, 11

*Guan v. Long Island Bus. Inst., Inc.*, 2017 U.S. Dist. LEXIS[1] 10490 (E.D.N.Y. Jan. 24, 2017) .................... 8

*Guo v. Golden Globe Travel Agency, Inc.*, 2016 U.S. Dist. LEXIS 124360 (E.D.N.Y. Sept. 12, 2016) .................... *passim*

*Julian v. Applied Robotics, Inc.*, 2020 WL 2059813 (S.D.N.Y. Apr. 29, 2020) .................... 1, 6, 12, 13

*Li v. Patina Rest. Grp., LLC*, 2018 U.S. Dist. LEXIS 208220, (S.D.N.Y. Dec. 10, 2018) .................... 2, 6, 12, 13

*Lin v. Grand Sichuan 74 St. Inc.*, 2018 WL 3222519 (S.D.N.Y. July 2, 2018) .................... *passim*

*Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994) .................... 9

*Martinez v. Ivy League Sch., Inc.*, 2016 WL 3582062 (E.D.N.Y. June 28, 2016) .................... 6, 11

*OConner v. Agilant Sols., Inc.*, 2020 U.S. Dist. LEXIS 152026 (S.D.N.Y. Aug. 21, 2020) .................... 1, 6, 12, 13

*Oh v. Here & Now Inc.*, 19-cv-01235-ILG-RML (E.D.N.Y. March 3, 2020), ECF No. 22.................... 2, 6, 12, 13

*Picerni v. Bilingual Seit & Preschool, Inc.*, 925 F. Supp. 2d 368 (E.D.N.Y. 2013) .................... 13

[1] Per this Court's Individual Practices and Rules, § III.C.5, this memorandum uses Westlaw citations where possible for all case citations. This memorandum uses Lexis citations where the Parties were unable to locate a corresponding Westlaw citation. The courtesy copies of this memorandum of law will include copies of the cases for which only a Lexis citation is provided.

**Table of Authorities (cont'd)**

*Rosen v. Siegel*,
106 F.3d 28 (2d Cir. 1997) .......... 1, 9

*Walker v. City of N.Y.*,
2018 WL 1686102 (E.D.N.Y. Mar. 30, 2018) .......... 8

*Weitzman v. Stein*,
897 F.2d 653 (2d Cir. 1990) .......... 1, 8, 9

*Yu v. Hasaki Rest., Inc.*,
944 F.3d 395 (2d Cir. 2019) .......... *passim*

***Statutes and Rules***

Federal Rule of Civil Procedure 23(e) .......... 2, 6, 7, 13

Federal Rule of Civil Procedure 41(a) .......... *passim*

Local Civil Rule 6.3 .......... 1

Pursuant to this Court's Local Civil Rule 6.3, the Parties respectfully move this Court to reconsider its *sua sponte* order, dated September 9, 2020 (the "Order").

In the Order, the Court (i) refers to Magistrate Judge Levy the review of "the settlement," (ii) enjoins the parties from "distribut[ing] the proceeds from any settlement or execut[ing] the terms of any settlement until it has been reviewed and approved" by this Court, and (iii) states that "[f]ailure to comply with this order may result in the imposition of sanctions, including a finding of contempt and imposition of fines." (Order at 1.)

The Parties respectfully ask this Court to reconsider the Order. The Order does not take into account material facts and governing law that "might have materially influenced" this Court's decision. First, the Order enters an injunction without prior notice and opportunity to be heard, which is inconsistent with controlling Second Circuit law. *See, e.g.*, *Weitzman v. Stein*, 897 F.2d 653, 657 (2d Cir. 1990) (holding that *sua sponte* interlocutory injunction directed to parties must be preceded by notice and an opportunity to be heard); *Rosen v. Siegel*, 106 F.3d 28, 32 (2d Cir. 1997) (holding that interlocutory injunction directed to parties requires prior notice and opportunity to be heard). Second, the Order did not take into account the background details of the settlements in principle that have been reached in this action, the fact that Plaintiffs Williams, Travis, and Boyd stipulated to the dismissal of their claims without prejudice, and the Second Circuit's post-*Cheeks* decision in *Yu v. Hasaki Rest., Inc.*, 944 F.3d 395 (2d Cir. 2019), which adopted an extremely narrow view of the *Cheeks* doctrine and emphasized that "[t]he holding in *Cheeks* was limited to Rule 41(a)(1)(A)(ii) dismissals *with prejudice*." *Id.* at 411 (emphasis added).[2] In addition, because the Order was entered *sua sponte*, the Parties did not have notice

[2] *See also, e.g.*, *OConner v. Agilant Sols., Inc.*, No. 1:18-cv-6937-GHW, 2020 U.S. Dist. LEXIS 152026, at *5 (S.D.N.Y. Aug. 21, 2020) (post-*Yu* decision holding that, despite *Cheeks*, "the Court will accept a stipulation of dismissal under Rule 41(a)(1)(A), so long as the parties' stipulation of dismissal dismisses claims arising under the FLSA *without prejudice*"); *Julian v. Applied Robotics, Inc.*, 2020 WL 2059813, at

and an opportunity to submit those facts and law before the Order was entered. The Parties respectfully submit they should be given an opportunity to present these facts and law to Magistrate Judge Levy in the first instance, at the same time they seek Judge Levy's review of the class-action settlement. The Parties would be prepared to discuss these issues with Judge Levy during the teleconference that Judge Levy scheduled in this action for Tuesday, September 15, 2020. *See* Text Order dated September 10, 2020.

To this end, the Parties respectfully ask this Court to reconsider and vacate its *sua sponte* Order and enter a more limited order (i) referring to Magistrate Judge Levy the review of a forthcoming class-action settlement agreement the Parties are finalizing and, consistent with their prior representations to this Court, *see* ECF No. 28, intend to submit for a fairness review as required by governing law including Federal Rule of Civil Procedure 23(e) and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and (ii) referring to Magistrate Judge Levy in the first instance the question whether, in light of *Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019), and related caselaw, this Court's review and approval is required to give effect to the

---

*5 (S.D.N.Y. Apr. 29, 2020) (post-*Yu* decision holding that stipulations without prejudice "do not require court approval"); *Oh v. Here & Now Inc.*, 19-cv-01235-ILG-RML (E.D.N.Y. March 3, 2020), ECF No. 22 (approving stipulation without prejudice without *Cheeks* review); *Cianci v. Bright Horizons Children's Centers LLC*, No. 7:19-cv-1008-KMK (S.D.N.Y. Dec. 2, 2019), ECF No. 38 ("Because the proposed stipulation dismisses the case without prejudice, there is no need for a *Cheeks* review."); *Lin v. Grand Sichuan 74 St. Inc.*, 2018 WL 3222519, at *4 (S.D.N.Y. July 2, 2018) ("[S]tipulations of dismissal without prejudice need not be approved by the Court under the FLSA"); *Li v. Patina Rest. Grp., LLC*, 2018 U.S. Dist. LEXIS 208220, at *4 (S.D.N.Y. Dec. 10, 2018) (authorizing parties to "[s]tipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law"); *Guo v. Golden Globe Travel Agency, Inc.*, No. 16-cv-766-MKB-CLP, 2016 U.S. Dist. LEXIS 124360, at *4 (E.D.N.Y. Sept. 12, 2016) (Pollak, M.J.) (report and recommendation that court approval is not required for voluntary dismissal of FLSA action without prejudice), adopted 2017 U.S. Dist. LEXIS 8530 (E.D.N.Y. Jan. 20, 2017) (Brodie, J.). *But see, e.g.*, *Gallardo v. PS Chicken Inc.*, 285 F. Supp. 3d 549 (E.D.N.Y. 2018) (pre-*Yu* decision holding that *Cheeks* requires fairness review even when stipulation of dismissal is without prejudice) (collecting cases).

stipulations of dismissal without prejudice filed by Plaintiffs Boyd, Travis, and Williams, *see* ECF Nos. 29, 30 & 31.

**I. Background**

Four Plaintiffs (Gatto, Williams, Travis, and Boyd) filed the complaint in this action on June 7, 2019, on behalf of themselves and similarly situated former and current employees of Defendant Petco Animal Supplies, Inc. (ECF No. 1.) Plaintiffs alleged that Petco, as a matter of policy and practice, suppressed off-the-clock hours and manually altered the time records of Plaintiffs and the other groomers by deleting hours recorded in order to reduce the recorded hours and, in turn, to reduce pay (straight time and overtime) owed. Petco denied Plaintiffs' allegations.

After the initial scheduling conference before Magistrate Judge Robert M. Levy, the Court directed Plaintiffs and Petco to participate in a mediation to explore the possibility of a negotiated settlement. *See* Minute Entry entered December 4, 2019. On February 21, 2020, Plaintiffs and Petco participated in a full-day in-person mediation session with former Magistrate Judge Henry Pitman. That mediation session did not result in a settlement of this action, and the Parties resumed litigation. On March 24, 2020, Plaintiffs filed an Amended Complaint adding Plaintiffs Thompson and Heginger. *See* ECF No. 22 ¶¶ 7-8.[3] Petco then filed a pre-motion letter previewing a motion to dismiss the out-of-state Plaintiffs, which, if granted, would lead to the dismissal of Plaintiffs Williams, Travis, Boyd, Thompson, and Heginger. *See* ECF No. 23 at 1. Plaintiffs responded by letter dated April 13, 2020, in which Plaintiffs took the position that it was premature for the Court to rule whether the out-of-state Plaintiffs should be dismissed from this action. *See* ECF No. 26. The Court scheduled a pre-motion conference for July 23, 2020.

---

[3] The Order states that two Plaintiffs were added to this action through the Second Amended Complaint filed on August 31, 2020. (Order.) But the last two plaintiffs to join this action, Plaintiffs Thompson and Heginger, filed opt-in forms and were added to the Amended Complaint in March. *See* ECF Nos. 20, 21, 22.

Since the failed mediation in February, the Parties have continued to evaluate the claims of Plaintiffs and other groomers and discuss the possibility of settlement. These discussions ultimately led to a settlement in principle—on a class-wide basis—for the groomers who worked for Petco in New York and California. The settlement encompassed this narrower group due to a variety of strategic, factual, and legal considerations, including the current Plaintiffs in the action and their capacity to serve as representative plaintiffs, Plaintiffs' counsel's examination of millions of rows of pay and time records for Plaintiffs and other groomers, and the congruence of legal standards between New York (where this case is venued) and other states' laws. Based on these and related factors, counsel for Plaintiffs determined that the most viable path for Plaintiffs was to reach a settlement in principle on a class-wide basis for the former and current Petco groomers in the class period who worked in New York and California. This determination also meant that Plaintiffs Williams, Travis, and Boyd would not be part of the class. At the same time, Plaintiffs Williams, Travis, and Boyd were subject to a cloud of potential dismissal based on Petco's intended motion to dismiss for lack of personal jurisdiction. *See* ECF No. 23.

In these circumstances, Plaintiffs Williams, Travis, and Boyd (and their counsel) determined that their best course of action would be to pursue their claims in another forum, where they would not be required to undertake expensive non-merits litigation concerning the personal-jurisdiction issue raised by Petco. The prospect of full litigation in those subsequent lawsuits was not attractive or economical to either Petco or to Plaintiffs Williams, Travis, and Boyd: the potential damages for Williams, Travis, and Boyd are modest compared to the potential attorneys' fees in those subsequent actions, and by this point in their representation substantial potential attorneys' fees had already accrued (fees in excess of their potential damages). The prospect of engaging in jurisdictional motions practice instead of pursuing the claims of Williams,

Travis, and Boyd in another forum did not make sense from an economic standpoint or from the standpoint of conserving litigant and judicial resources. In addition, Plaintiffs Williams, Travis, and Boyd were eager to receive timely payment in light of financial circumstances stemming in significant degree from the ongoing COVID-19 pandemic. In these circumstances, Petco and Plaintiffs Williams, Travis, and Boyd were able to reach individual settlement agreements that were not conditioned or contingent on the resolution of other Plaintiffs' claims.

In these circumstances, the Parties began finalizing and preparing to submit the class-action settlement papers to the Court. (These class-action papers are the "various settlement papers" to which the Parties referred in their filing at ECF No. 28.) To give themselves additional time, the Parties twice sought and received a continuance of the pre-motion conference concerning Petco's forthcoming motion to dismiss the out-of-state Plaintiffs. *See* ECF Nos. 27 & 28. During this finalization process, however, counsel for the Parties encountered issues concerning certain terms of the class-action settlement, which caused additional delays in the finalization of that settlement. In contrast, the individual settlements between Petco and Plaintiffs Williams, Travis, and Boyd were more straightforward and the terms were finalized earlier.

At this point, counsel for the Parties prepared submissions to this Court to seek review and approval of the class-action settlement agreement, as required by governing law. With respect to Plaintiffs Williams, Travis, and Boyd, however, counsel for the Parties examined the governing caselaw and concluded that Plaintiffs Williams, Travis, and Boyd should be able to dismiss their claims from this action without prejudice without a further order of this Court. Counsel for the Parties reached this decision based on the Second Circuit's decisions in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), which was limited to stipulations of dismissal "with prejudice," *see id.* at 203 n.3, caselaw in this District and the U.S. District for the Southern

District of New York that considered *Cheeks* in the context of stipulations of dismissal without prejudice,[4] and the Second Circuit's more recent decision in *Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019), *petition for rehearing denied*, No. 17-3388-cv, ECF No. 151 (March 5, 2020), which adopted an extremely narrow view of the *Cheeks* doctrine, and emphasized that "[t]he holding in *Cheeks* was limited to Rule 41(a)(1)(A)(ii) dismissals with prejudice." *Id.* at 411.

With respect to the class-action settlement, the Parties have always intended to submit the settlement agreement for review and approval by this Court as required by governing law, including Federal Rule of Civil Procedure 23(e) and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). With respect to the settlements with Plaintiffs Williams, Travis, and Boyd, the Parties believe no further submission is needed, but they also have been prepared to address that legal issue before Magistrate Judge Levy in the first instance. The Parties anticipated this issue might arise in discussions with Magistrate Judge Levy during the fairness review or in the form of an Order to Show Cause to which the Parties would have an opportunity to submit argument before an order was entered. *See, e.g.*, *Martinez v. Ivy League Sch.*, No. 15-cv-7238-DRH-GRB (E.D.N.Y. June 8, 2016) (upon receipt of stipulation of dismissal in FLSA case,

---

[4] *See, e.g.*, *OConner*, 2020 U.S. Dist. LEXIS 152026, at *5 (post-*Yu* decision holding that, despite *Cheeks*, "the Court will accept a stipulation of dismissal under Rule 41(a)(1)(A), so long as the parties' stipulation of dismissal dismisses claims arising under the FLSA *without prejudice*"); *Julian*, 2020 WL 2059813, at *5 (post-*Yu* decision holding that stipulations without prejudice "do not require court approval"); *Oh*, 19-cv-01235-ILG-RML (E.D.N.Y. March 3, 2020), ECF No. 22 (approving stipulation without prejudice without *Cheeks* review); *Cianci*, No. 7:19-cv-1008-KMK (S.D.N.Y. Dec. 2, 2019), ECF No. 38 ("Because the proposed stipulation dismisses the case <u>without</u> prejudice, there is no need for a *Cheeks* review."); *Lin*, 2018 WL 3222519, at *4 ("[S]tipulations of dismissal without prejudice need not be approved by the Court under the FLSA"); *Li*, 2018 U.S. Dist. LEXIS 208220, at *4 (authorizing parties to "[s]tipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law"); *Guo*, No. 16-cv-766-MKB-CLP, 2016 U.S. Dist. LEXIS 124360, at *4 (report and recommendation that court approval is not required for voluntary dismissal of FLSA action without prejudice), adopted 2017 U.S. Dist. LEXIS 8530.

ordering plaintiff to "provide the Court with a copy of the settlement agreement or, in the alternative, file a memorandum of law as to why Court approval is not required").

While the Parties were preparing to submit the settlement papers for the class-action settlement (which took longer than expected), the Court entered the *sua sponte* Order, in which the Court (i) refers to Magistrate Judge Levy the review of "the settlement," which appears to refer to a presumed settlement involving Plaintiffs Williams, Travis, and Boyd (who are not part of the proposed class-action settlement class), (ii) enjoins the parties from "distribut[ing] the proceeds from any settlement or execut[ing] the terms of any settlement until it has been reviewed and approved" by this Court, and (iii) warns that "[f]ailure to comply with this order may result in the imposition of sanctions, including a finding of contempt and imposition of fines." (Order at 1.)

The Parties respectfully submit that, in these circumstances and for the reasons below, the Court should reconsider and vacate the Order and issue a narrower order (i) referring to Magistrate Judge Levy the review of a forthcoming class-action settlement agreement the Parties are finalizing and, consistent with their prior representations to this Court, *see* ECF No. 28, intend to submit for a fairness review as required by governing law including Federal Rule of Civil Procedure 23(e) and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and (ii) referring to Magistrate Judge Levy in the first instance the question whether, in light of *Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019), and related caselaw, this Court's review and approval is required to give effect to the stipulations of dismissal without prejudice filed by Plaintiffs Boyd, Travis, and Williams, *see* ECF Nos. 29, 30 & 31.

## II. Legal Standard

To prevail on a motion for reconsideration, the movants must present "matters or controlling decisions the court overlooked that might materially have influenced its earlier

decision." *Walker v. City of N.Y.*, 2018 WL 1686102, at *3 (E.D.N.Y. Mar. 30, 2018) (quoting *Anglo Am. Ins. Grp. v. CalFed Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996)).[5]

## III. Argument

The Court should reconsider the Order because (A) the Order enters an injunction without prior notice and opportunity to be heard, and (B) the Order does not consider material facts and law concerning the stipulations of dismissal by Plaintiffs Williams, Travis, and Boyd.

### A. The Court should reconsider and vacate the Order because, before the entry of an injunctive order backed by warning of sanctions, the Parties should be given an opportunity to submit facts and law concerning the effectiveness of the stipulations of dismissal without prejudice.

In relevant part, the Order (i) enjoins the Parties from "distribut[ing] the proceeds from any settlement or execut[ing] the terms of any settlement until it has been reviewed and approved" by this Court, and (ii) states that "[f]ailure to comply with this order may result in the imposition of sanctions, including a finding of contempt and imposition of fines." (Order at 1.)

In so ordering, the Order appears to have imposed a prohibitory injunction on the Parties. *See, e.g.*, *Weitzman v. Stein*, 897 F.2d 653, 657 (2d Cir. 1990) ("[A]n order requiring a party, during the pendency of the litigation, to 'hold and retain' assets within his control is an injunction implicating due process concerns."). With respect to the stipulations of dismissal without prejudice, the injunction appears to bar Petco and Plaintiffs Williams, Travis, and Boyd from taking further steps to effectuate the individual settlements for those Plaintiffs. With respect to the Plaintiffs who remain in this action, the Order appears to bar Petco and Plaintiffs from taking further steps—such as signing a class-action settlement agreement and filing a motion for

[5] "Reconsideration is also appropriate in light of an intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or to prevent manifest injustice." *Guan v. Long Island Bus. Inst., Inc.*, 2017 U.S. Dist. LEXIS 10490, at *41 (E.D.N.Y. Jan. 24, 2017).

preliminary approval of that agreement—to move forward with the class-action settlement process.[6]

Under Second Circuit law, before entering the Order, the Court was required to give the Parties notice of the possibility of an injunction and an opportunity to be heard on whether such an injunction should be entered. *See Weitzman*, 897 F.2d at 657 (vacating injunction and remanding because "[i]n the absence of notice, the injunction was improperly entered"); *Rosen*, 106 F.3d at 32 (vacating injunction and remanding where "[t]he court never told [the adverse party] it was considering an injunction[,] . . . [so the party] had no fair opportunity to oppose it"); *see also Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994) (collecting cases).

In light of these controlling authorities, the Parties respectfully request this Court reconsider the Order and instead enter the more limited order proposed by the Parties, which would provide, *inter alia*, an opportunity for the parties to present facts and law, in the first instance to Magistrate Judge Levy, concerning whether, in light of *Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019), and related caselaw, this Court's review and approval is required to give effect to the stipulations of dismissal without prejudice filed by Plaintiffs Boyd, Travis, and Williams, *see* ECF Nos. 29, 30 & 31.

**B. The Court should reconsider and vacate the Order, and refer consideration of all settlement issues to Magistrate Judge Levy in the first instance, because the**

[6] The Parties are unsure whether the *sua sponte* Order prohibits them from obtaining signatures on a class-action settlement agreement, because the current draft of the class-action settlement contains promises that take effect upon signature, which the Parties worry could be construed as "execution" of some terms of the settlement. Because the Order warns that sanctions, "including a finding of contempt and imposition of fines," could be imposed for violation of the Order, the Parties are unsure whether they can obtain signatures on a class-action settlement agreement and take other steps, such as filing a motion for preliminary approval of a class-action settlement agreement, pending further guidance from this Court.

**stipulations of dismissal filed by Plaintiffs Boyd, Travis, and Williams are without prejudice.**

In the Order, the Court cites *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), appearing to conclude that *Cheeks* requires court approval for Plaintiffs Boyd, Travis, and Williams' stipulations of dismissal without prejudice. (*See* Order at 1.)

In *Cheeks*, the Second Circuit held that, although "[t]he FLSA is silent" as to whether judicial approval is required of Rule 41 stipulations of dismissal, 796 F.3d at 201, the "unique policy considerations underlying the FLSA" mandate that "stipulated dismissals settling FLSA claims *with prejudice* require the approval of the district court or the DOL to take effect." *Id.* at 206 (emphasis added). The *Cheeks* Court expressly "le[ft] for another day the question of whether parties may settle such cases without court approval or DOL supervision by entering into a Rule 41(a)(1)(A) stipulation without prejudice." *Id.* at 201 n.2 (emphasis added).

In the wake of *Cheeks*, district courts in this Circuit issued divergent opinions on how to resolve the question left open in *Cheeks*.[7] The judges in this District, including Magistrate Judge Levy, often held that, based on the policy concerns animating *Cheeks*, Rule 41 stipulations dismissing FLSA claims without prejudice would still require court approval. *See, e.g.*, *Gallardo v. PS Chicken Inc.*, 285 F. Supp. 3d 549 (E.D.N.Y. 2018); *Carson v. Team Brown Consulting, Inc.*, 416 F. Supp. 3d 137, 143 (E.D.N.Y. 2017) (pre-*Yu* decision holding that *Cheeks* review was required for stipulation of dismissal without prejudice). As Magistrate Judge Levy explained in

[7] *Compare, e.g.*, *Lin v. Grand Sichuan 74 St. Inc.*, 2018 WL 3222519, at *4 (S.D.N.Y. July 2, 2018) ("[S]tipulations of dismissal without prejudice need not be approved by the Court under the FLSA"); *Guo v. Golden Globe Travel Agency, Inc.*, No. 16-cv-766-MKB-CLP, 2016 U.S. Dist. LEXIS 124360, at *4 (E.D.N.Y. Sept. 12, 2016) (Pollak, M.J.) (report and recommendation that court approval is not required for voluntary dismissal of FLSA action without prejudice), adopted 2017 U.S. Dist. LEXIS 8530 (E.D.N.Y. Jan. 20, 2017) (Brodie, J.), *with, e.g.*, *Gallardo v. PS Chicken Inc.*, 285 F. Supp. 3d 549 (E.D.N.Y. 2018) (Levy, M.J.) (reaching opposite conclusion).

*Gallardo*, decisions extending *Cheeks* to stipulations without prejudice have generally been based on the "policy considerations underlying Cheeks," which include that (1) "dismissals that appear on their face to be 'without prejudice' may, on closer inspection, prove not to be" (2) that "a dismissal without prejudice when coupled with the statute of limitations could render [the stipulation] a 'de facto dismissal with prejudice,'" and (3) "dismissals without prejudice may simply be an effort to settle cases without court review." *Id.* at 552. In particular, judges in this District, including Judge Levy, concluded that, "in light of the underlying policy considerations behind *Cheeks*, 'to the extent that there is a quid pro quo for such a dismissal [without prejudice], court approval is required." *Id.* at 553 (quoting *Martinez v. Ivy League Sch., Inc.*, 2016 WL 3582062, at *1 (E.D.N.Y. June 28, 2016)).

Against this backdrop, last December the Second Circuit issued *Yu v. Hasaki Rest., Inc.*, 944 F.3d 395 (2d Cir. 2019), in which the Second Circuit considered whether, under *Cheeks*, judicial review and approval are required when a plaintiff accepts a settlement pursuant to Federal Rule of Civil Procedure 68(a) that resolves claims under the FLSA. The district court in *Yu* concluded that judicial review and approval was indeed required under *Cheeks* because allowing settlements under Rule 68(a) without judicial review "would result in the very evil that the *Cheeks* Court sought to prevent." *Yu v. Hasaki Rest., Inc.*, 319 F.R.D. 111, 114-15 (S.D.N.Y. 2017). The district court noted that Rule 68(a) settlements "do not necessarily eliminate the risk of an unreasonable allocation of settlement moneys among plaintiffs or between plaintiffs and counsel, . . . [a]nd, most importantly, offers of judgment provide no security against 'unreasonable, discounted settlement offers.'" *Id.* at 115-16. On appeal, the Second Circuit reversed, holding that "the FLSA does not require judicial approval of Rule 68(a) offers of judgment." 944 F.3d at 411. Further, the Second Circuit underscored that "[t]he holding in *Cheeks* was limited to Rule

41[] dismissals *with prejudice*," and that the Second Circuit has "confin[ed] *Cheeks* to Rule 41[] stipulated dismissals *with prejudice*." *Id.* at 411-12 (emphases added).

The Parties respectfully submit that the Second Circuit's decision in *Yu* undercuts the pre-*Yu* extension of *Cheeks* to stipulations of dismissal without prejudice. Contrary to those decisions, the Second Circuit appears to have cabined the *Cheeks* decision to the specific scenario involving "Rule 41[] stipulated dismissals *with prejudice*." *Yu*, 944 F.3d at 412. The Court's Order does not consider the implications of the *Yu* decision in the specific circumstances of the background facts in this action. *See supra* § I. The Parties thus respectfully submit that, at a minimum, before the Court orders Plaintiffs Williams, Travis, and Boyd to undergo a fairness review or enters an injunction and threat of sanctions ("including a finding of contempt and imposition of fines"), the Parties should first be given an opportunity to present these arguments to Magistrate Judge Levy. The Parties could be given this opportunity at the same time as they submit their forthcoming papers concerning the class-action settlement.

Finally, the Parties respectfully submit this Court should consider the Parties' arguments in light of the growing number of courts in this Circuit to hold that judicial review and approval is not required when two private litigants choose voluntarily to terminate their FLSA litigation without prejudice. *See, e.g.*, *OConner*, 2020 U.S. Dist. LEXIS 152026, at *5; *Julian*, 2020 WL 2059813, at *5; *Oh*, 19-cv-01235-ILG-RML, ECF No. 22; *Cianci*, No. 7:19-cv-1008-KMK, ECF No. 38; *Li*, 2018 U.S. Dist. LEXIS 208220, at *4; *Lin*, 2018 WL 3222519, at *4; *Guo*, 2016 U.S. Dist. LEXIS 124360, at *4. Unlike a stipulation of dismissal with prejudice, which under *Cheeks* requires court approval, *see Yu*, 944 F.3d at 412, a stipulation of dismissal without prejudice does not carry preclusive effect in subsequent litigation. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("Dismissal without prejudice [under Rule 41] . . . does not have a res judicata

effect."). In this situation, the defendant bears the risk that, absent approval from this Court or the U.S. Department of Labor, any agreement that purports to release an alleged FLSA claim may not be enforceable.[8] If two private litigants choose voluntarily to terminate a lawsuit in this manner—without prejudice to subsequent litigation, and without assurance that any settlement would be effective—they would be in the same position as if they had reached an out-of-court settlement before federal court litigation began. Under Federal Rule of Civil Procedure 41(a), litigants should be allowed to terminate an ongoing litigation in this manner, and the Second Circuit's decision in *Cheeks* does not prohibit it. *See, e.g.*, *OConner*, 2020 U.S. Dist. LEXIS 152026, at *5; *Julian*, 2020 WL 2059813, at *5; *Oh*, 19-cv-01235-ILG-RML, ECF No. 22; *Cianci*, No. 7:19-cv-1008-KMK, ECF No. 38; *Lin*, 2018 WL 3222519, at *4; *Li*, 2018 U.S. Dist. LEXIS 208220, at *4; *Guo*, 2016 U.S. Dist. LEXIS 124360, at *4.

## IV. Conclusion

For the foregoing reasons, the Parties respectfully ask this Court to reconsider and vacate its *sua sponte* Order and enter a more limited order (i) referring to Magistrate Judge Levy the review of a forthcoming class-action settlement agreement the Parties are finalizing and, consistent with their prior representations to this Court, *see* ECF No. 28, intend to submit for a fairness review as required by governing law including Federal Rule of Civil Procedure 23(e) and *Cheeks v.*

[8] *See, e.g.*, *Picerni v. Bilingual Seit & Preschool, Inc.*, 925 F. Supp. 2d 368, 373 (E.D.N.Y. 2013) ("[I]t is one thing to say that a release given to an employer in a private settlement will not, under certain circumstances, be enforced in subsequent litigation—that is the holding of *Brooklyn Savings* and *Gangi*—it is quite another to say that even if the parties want to take their chances that their settlement will not be effective, the Court will not permit them to do so." (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–54 (11th Cir. 1982)). The Second Circuit in *Cheeks* examined *Picerni* and generally acknowledged the soundness of its reasoning. *See Cheeks*, 796 F.3d at 205–06 (discussing *Picerni*). However, while remaining "mindful of the concerns articulated in *Picerni*," the *Cheeks* court concluded, in light of the "unique policy considerations underlying the FLSA," that judicial approval is required in FLSA cases for stipulations of dismissal *with prejudice*. *Id.* To the extent *Cheeks* abrogated *Picerni*, it did so only to the limited extent of stipulations of dismissal with prejudice. *See id.*; *see also Yu*, 944 F.3d at 411 ("The holding in *Cheeks* was limited to Rule 41[] dismissals with prejudice.").

*Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and (ii) referring to Magistrate Judge Levy in the first instance the question whether, in light of *Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019), and related caselaw, this Court's review and approval is required to give effect to the stipulations of dismissal without prejudice filed by Plaintiffs Boyd, Travis, and Williams, *see* ECF Nos. 29, 30 & 31.

Respectfully submitted,

s/ Jeffrey W. Chivers

Jeffrey W. Chivers
jwc@chivers.com
Theodore I. Rostow
tir@chivers.com
Chivers LLP
300 Cadman Plaza West
12th Floor
Brooklyn, New York 11201
Tel.: (718) 210-9825

Joseph H. Chivers
jchivers@employmentrightsgroup.com
The Employment Rights Group LLC
First & Market Building
100 First Avenue, Suite 650
Pittsburgh, PA 15222
Tel.: (412) 227-0763

*Counsel for Plaintiffs*
*and all others similarly situated*

s/ Stephen A. Fuchs

Stephen A. Fuchs
sfuchs@littler.com
Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022
Tel: (215) 583-9600

Robert W. Pritchard
rpritchard@littler.com
Katelyn W. McCombs
kmccombs@littler.com
Littler Mendelson, P.C.
625 Liberty Avenue
26th Floor
Pittsburgh, PA 15222
Tel: (412) 201-7600

*Counsel for Defendant*

**Date**: September 11, 2020