```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------x

  CINDY GATTO, et al.,

              Plaintiffs,

        -against-                           MEMORANDUM AND ORDER
                                            19-cv-3394(EK)(RML)
  PETCO ANIMAL SUPPLIES, INC.,

              Defendant.


---------------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Before the Court is the parties' joint motion for reconsideration of this Court's Order dated September 9, 2020. For the reasons set forth below, the Court finds it appropriate to vacate the September 9 Order pending resolution of the parties' intended argument that no fairness review is required under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and its progeny when the settlement of a Fair Labor Standards Act claim results in dismissal without prejudice.

## I. Background

This is an individual, class and collective action complaint filed in June 2019, following the completion of court-referred mediation. Plaintiffs, who worked in the grooming salons at various Petco store locations, allege violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207(a) and 216(b), as well as violations of the New York Labor Law and the

1

wage and labor laws of other states. They claim, among other things, that Petco knowingly and intentionally falsified groomers' time records at their stores, *see* ECF No. 22 ¶¶ 35-44, and that Petco's management was nonresponsive to complaints that Plaintiffs were not paid all wages due. *Id.* ¶¶ 45-48.

In response to the amended complaint, Petco requested a pre-motion conference on its anticipated motion to dismiss. *See* ECF No. 23. After a pre-motion conference was scheduled, the parties twice requested adjournments based on representations that they were in the process of negotiating a settlement. *See* ECF Nos. 27, 28. In their second such request, the parties stated that they were "currently finalizing a settlement" and that they expected to file "the various papers necessary for the Court to consider the fairness and adequacy of the Parties' settlement within the next two weeks if not sooner." ECF No. 28 at ¶ 2.

Instead of a settlement, however, three of the named Plaintiffs – Shay Boyd, Nicole Travis, and Olivia Williams – filed stipulations of dismissal of their claims without prejudice on August 31, 2020. *See* ECF Nos. 29-31. No information concerning the reason for the dismissals was provided. On the same day, Plaintiffs also filed a second amended complaint that dropped Plaintiffs Boyd, Travis, and Williams, and added two new named plaintiffs. *See* ECF No. 32.

2

Plaintiffs stated that they received the written consent of Defendant to file the second amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. *See* ECF No. 32 at n.1; *see also* Fed. R. Civ. P. 15(a)(2) (except for amendments as a matter of course under Fed. R. Civ. P. 15(a)(1), all other pre-trial amendments to the pleadings may be made "only with the opposing party's written consent or the court's leave").

Taken together, the parties' representations that they were finalizing a settlement agreement and would soon file settlement papers, followed by (1) the filing of stipulations of dismissal by three of the named Plaintiffs and (2) the addition and removal of parties from the second amended complaint with Defendant's consent, raised questions about whether a settlement agreement had been reached. Accordingly, the Order dated September 9, 2020 referred the parties to Magistrate Judge Levy for review of these developments. Pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), which requires court approval before FLSA settlements may take effect, the Order also enjoined the parties from exchanging settlement proceeds or executing the terms of any settlement they had entered before receiving the Court's approval. This motion for reconsideration followed.

**II. Motion for Reconsideration**

On September 11, 2020, the parties jointly filed a motion for reconsideration of the September 9 Order, arguing that (1) the Order entered an injunction without prior notice and opportunity to be heard, and (2) the Order did not consider material facts and law concerning the stipulations of dismissal filed by the three individual Plaintiffs.  *See* ECF No. 33.

In their memorandum of law in support of the motion, the parties revealed that the three Plaintiffs who filed stipulations of dismissal without prejudice did in fact enter into settlement agreements with Petco (hereinafter the "Individual Settlements").  *See* Memorandum of Law in Support of Motion for Reconsideration ("Joint Memorandum") (ECF No. 33-1) at 4-5.  The parties now assert that the Individual Settlements are not subject to *Cheeks* review because the Plaintiffs' Rule 41(a) dismissals are without prejudice, based on district court decisions that have reached this conclusion and the Second Circuit's recent decision in *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 411 (2d Cir. 2019).  *See id.* at 5-6.  The parties also revealed that they are in the process of finalizing a class-action settlement (hereinafter the "Class Settlement").  *Id.* at 6.  They report that they expect to file those settlement papers (relating to the class) with the Court for a fairness review soon.  *See id.*  Based on the parties' reading of the

4

September 9 Order, which enjoins them from "distribut[ing] the proceeds from any settlement or execut[ing] the terms of any settlement until it has been reviewed and approved and the undersigned district judge," the parties are unsure whether they are enjoined from continuing to finalize their forthcoming Class Settlement. *Id.* at 8, 9 n.6.

In light of the above, the parties ask the Court to vacate the prior order and enter a "more limited" order that would (1) refer to Magistrate Judge Levy the review of the forthcoming class action settlement, and (2) refer the question of whether *Cheeks* review is required to give effect to a stipulation of dismissal without prejudice in light of the recent Second Circuit decision in *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 411 (2d Cir. 2019).

### III. Discussion

In an FLSA case, a Rule 41(a)(1)(A) stipulation of dismissal without prejudice or notice of voluntary dismissal may "raise a concern that the parties have covertly settled FLSA claims in an effort to evade judicial review required by *Cheeks* . . . ." *De Jesus v. Magnetic Contracting Corp.*, No. 19-CV-01842, 2019 WL 4737053, at *1 (E.D.N.Y. Sept. 27, 2019). Under *Cheeks*, district courts have an obligation to review and approve FLSA settlement agreements before the settlement takes effect. *Cheeks* applied specifically to Rule 41(a)(1)(A) stipulations of

5

dismissal with prejudice and left open the question of "whether parties may settle such cases without court approval . . . by entering into a Rule 41(a)(1)(A) stipulation *without* prejudice." 796 F.3d at 201 n.2 (emphasis added). Although the answer to this question is not settled, many courts in this district have held that parties cannot avoid judicial review by settling FLSA claims pursuant to a stipulation of dismissal without prejudice, at least without first providing the court with further information about the settlement terms. *See, e.g.*, *De Jesus*, 2019 WL 4737053, at *2 ("Where . . . there is reason to believe the parties may have entered into a settlement, a court should assure itself that dismissal without prejudice is not an intended evasion of *Cheeks*."); *Gallardo v. PS Chicken Inc.*, 285 F. Supp. 3d 549, 552 (E.D.N.Y. 2018) (observing that stipulations of dismissal that "appear on their face to be without prejudice may, on closer inspection, prove not to be") (internal quotation marks omitted); *Carson v. Team Brown Consulting, Inc.*, 416 F. Supp. 3d 137, 139 (E.D.N.Y. 2017) (concluding that judicial review of plaintiff's dismissal without prejudice was appropriate because "the district court must be guided, first and foremost, by the policy considerations underlying *Cheeks*").

The Second Circuit has not yet addressed this question. In *Yu*, the Second Circuit declined to extend the

6

*Cheeks* requirement of judicial review to offers of judgment under Rule 68(a). *See Yu*, 944 F.3d at 411. The parties contend that the reasoning in *Yu* suggests that the Second Circuit might also decline to apply the *Cheeks* requirement of judicial review to dismissals without prejudice under Rule 41(a)(1)(A). *See* Joint Memorandum at 10. As set forth below, the parties are directed to fully brief their argument that a *Cheeks* fairness review is not required in light of *Yu* and to appear for oral argument before this Court.

This Order applies only to the stipulations of dismissal filed by Plaintiffs Boyd, Travis, and Williams. *See* ECF Nos. 29-31. The Individual Settlements may not take effect until the Court has completed a fairness review or concluded that no such review is required.

Neither this Order nor the September 9 Order should be read to apply to the parties' contemplated Class Settlement. The Court will review a future motion requesting review of the Class Settlement and will refer the motion if appropriate.

### IV. Conclusion

For the reasons set forth above, it is hereby ORDERED that this Court's Order dated September 9, 2020 be vacated pending resolution of the question of whether a fairness review of the Individual Settlements is required under recent Second Circuit precedent. The Plaintiffs and Defendant shall submit

7

separate memoranda of law not exceeding five pages each in length, or a joint memorandum not longer than ten pages, on or before October 1, 2020. Oral argument shall be held on October 7, 2020 at 2:00 p.m. by telephone. The parties are directed to call 888-808-6929 five minutes before the scheduled start of the conference and use access code 564-7824.

    SO ORDERED.

    /s/ Eric Komitee
    ERIC KOMITEE
    United States District Judge

Dated:  Brooklyn, New York
       September 15, 2020